WILLIAM FINLEY *v.* JOHN R. MANSON, WARDEN
(2252)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued November 3, 1983—decision released February 14, 1984

*Richard Emanuel,* for the appellant (plaintiff).

*Arnold M. Schwolsky,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* state's attorney, for the appellee (state).

DANNEHY, C.P.J. In 1977, the plaintiff was convicted of burglary in the second degree on his plea of guilty. In 1979, he filed a petition for a writ of habeas corpus. The writ was denied and this appeal followed.[1] On appeal the plaintiff contends, inter alia, that his guilty plea was not knowingly, intelligently and voluntarily made because he was not informed of the nature of the charge to which his plea was offered. Because we find error on this issue, we do not address other defects alleged in the court's advisement or other errors claimed by the plaintiff.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The plaintiff was accused in a single information of four burglaries. He was charged with burglary in the second degree on the first count and with burglary in the third degree on the other counts. At his arraignment on May 17, 1977, the plaintiff pleaded not guilty to each count. On August 17, 1977, the plaintiff changed his plea of not guilty to the first count and pleaded guilty to that count. At the change of plea hearing, the judge questioned the plaintiff concerning the nature of the offense as follows: Q. "Burglary in the first . . . burglary in the second degree in Newington on or about February 11, 1977. Do you understand the nature of the offense?" A. "Somewhat. Not completely." Q. "Well, want to tell me what happened in Newington on or about February 11, 1977?" A. "I was intoxicated, but I was found in the wrong room, sir." The judge then asked the state's attorney to relate the facts of the February 11, 1977 incident. The state's attorney described the incident, although part of that description was inaccurate.[2] The judge then informed the plaintiff that the statement of the facts, as made by the state's attorney, was the factual situation upon which the state relied. The plaintiff replied, "[t]hat's the facts, your honor." The judge continued, "[t]hat's what you are charged with." The plaintiff said, "[y]es, sir." The judge went on as follows: "This is a factual situation that supports the charge of burglary in the second degree against you. You understand that?" The plaintiff responded, "[y]es, sir." The judge made no further inquiry of the plaintiff's understanding of the nature of the offense to which the guilty plea was offered. The guilty plea was accepted and the plaintiff

[2] The state's attorney stated that on the night in question the plaintiff was apprehended by a police officer in a room at the Friendly Acres Motel and that the plaintiff was not registered at the motel. Testimony at the habeas corpus hearing, however, showed that the plaintiff lived at the motel although not in the room where he was found. The state concedes this inaccuracy.

was sentenced to an indeterminate term of imprisonment of three to nine years on the charge of burglary in the second degree; the state nolled all charges of burglary in the third degree.

In a case like this, the record normally contains either an explanation of the charge by the trial judge or, at least, a representation by defense counsel that the nature of the offense had been explained to the accused. See *Henderson* v. *Morgan,* 426 U.S. 637, 647, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976). The record here gives no indication of such representation or explanation at the guilty plea proceedings. Defense counsel testified that in his several conversations with the plaintiff he neither explained the critical elements of burglary in the second degree to the plaintiff nor advised the plaintiff of possible defenses. The trial court expressly found that the plaintiff never admitted he intended to commit the offense of burglary in the second degree.

The plaintiff contends that the guilty plea was not made knowingly, intelligently and voluntarily because the trial judge failed to advise him, as required by Practice Book § 711, of the nature of the charge to which he pleaded guilty. That the plaintiff's understanding of the nature of the charge is an essential factor in determining whether to plead guilty is recognized by § 711 which provides, in relevant part, that the judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands the nature of the charge to which the plea is offered. *State* v. *Childree,* 189 Conn. 114, 126, 454 A.2d 1274 (1983).

Under General Statutes § 53a-102 (a), "[a] person is guilty of burglary in the second degree when he enters or remains unlawfully in a dwelling at night with intent to commit a crime therein." One of the essential elements of burglary in the second degree, as applied to

this case, is that the plaintiff, at least immediately before and also during entry into the dwelling, had the specific criminal purpose, design and intent to commit a crime therein. Before accepting the plaintiff's plea of guilty, the trial judge informed him of the factual situation related by the state's attorney to support the charge of burglary in the second degree. The judge made, however, no inquiry to determine whether the plaintiff possessed an understanding of the law in relation to those facts. At no time was the plaintiff ever told that before he could be convicted, the state would be required to prove by evidence beyond a reasonable doubt that he had the specific intent necessary for a conviction of burglary in the second degree.[3] The plaintiff contends that under Practice Book § 711 this is the end of the matter. The state, which repeatedly conceded in oral argument that the judge did not determine that the plaintiff fully understood the nature of the charge against him, seeks to maintain the position that no showing need be made contemporaneously with the plea, and that the whole showing to satisfy the requirements of § 711 may be made after the event in post-conviction proceedings, for example, on petition for a writ of habeas corpus.

The provisions of Practice Book § 711 are mandatory. *State* v. *Childree,* supra. It is the duty of the trial judge to comply strictly with its terms. Although the entire record should be considered in determining whether its requirements were met, the record must affirmatively show that they were met. See *Henderson* v. *Morgan,* supra. The record fails to disclose the plaintiff's advisement on an item enumerated in the rule as a prerequisite to acceptance of his guilty plea, his full understanding of the nature of the charge against him.

---

[3] "Intoxication shall not be a defense to a criminal charge, but . . . [it] may be offered by the defendant whenever it is relevant to negate an element of the crime charged . . . ." General Statutes § 53a-7.

Where there is no indication that a defendant was advised of a particular right, even though all other items in the rule were fully explained, a knowing, intelligent and voluntary entry of a guilty plea cannot be presumed. *McCarthy* v. *United States,* 394 U.S. 459, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969). Although the plaintiff had the burden of establishing grounds for relief at his habeas corpus hearing, submission of a silent guilty plea record in conjunction with a petition for writ of habeas corpus satisfies the burden.

As we find here a failure to comply with § 711 of the Practice Book at the time the guilty plea was accepted, the plaintiff must be afforded the opportunity to plead anew. Upon vacation of the judgment of conviction, the plaintiff will face the possibility of the state's moving for trial on the information.

There is error, the judgment denying the plaintiff's petition is vacated and the case remanded for proceedings consistent with this opinion.

In this opinion the other judges concurred.