STATE OF CONNECTICUT *v.* WILLIAM T. EVANS
(2951)

DUPONT, C. J., BORDEN and DALY, Js.

Argued June 13—decision released August 27, 1985

*James L. Radda,* with whom, on the brief, were *Joette Katz,* public defender, and *G. Douglas Nash,* assistant public defender, for the appellant (defendant).

*C. Robert Satti,* state's attorney, with whom, on the brief, was *Michael A. Regan,* for the appellee (state).

BORDEN, J. The defendant appeals from a judgment of conviction of burglary in the second degree in violation of General Statutes § 53a-122 rendered upon his guilty plea. He claims that his plea was not voluntarily made, in violation of his constitutional right to due process. We agree.

A home was burglarized in Old Lyme. A witness saw the defendant on the burglarized premises on the date of the burglary and reported this to the state police.

Meanwhile, the Old Saybrook police obtained information that the defendant had sold weapons to two individuals. The weapons were identified as stolen from the burglarized Old Lyme residence. On the basis of this information, the state police obtained a warrant, stopped and searched the defendant's automobile and found in his possession most of the remaining personal property items reported missing after the burglary.

The defendant was charged in both the Middlesex and New London judicial districts. In the Middlesex district, he was charged with larceny in the second degree in violation of General Statutes § 53a-123 and theft of a firearm in violation of General Statutes § 53-212, and he pleaded guilty to those charges in the Middlesex court. In the New London district, he was charged with burglary in the second degree in violation of General Statutes § 53a-102[1] and larceny in the first degree in violation of General Statutes § 53a-122. He pleaded guilty to the burglary charge under the doctrine of *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), the larceny charge was nolled and the New London case was transferred to the Middlesex court for a consolidated sentencing.

This appeal arises out of the plea proceedings in the New London court. The defendant, his counsel, and the state's attorney entered into a plea agreement and the following events took place in open court. The defendant first withdrew his plea of not guilty to the two counts in the information and the court vacated that plea. The clerk then read the first count[2] of the information to the defendant and when asked how to plead

---

[1] General Statutes § 53a-102 (a) provides: "A person is guilty of burglary in the second degree when he enters or remains unlawfully in a dwelling at night with intent to commit a crime therein."

[2] The information recited only that, on the date and at the place in question, the defendant "did commit the crime of burglary in the second degree, in violation of Section 53a-102 of the Connecticut General Statutes."

the defendant said "guilty." The court then asked for the facts underlying the charge and the state's attorney essentially recited the facts set forth above. He also informed the court of the defendant's prior plea of guilty in the Middlesex court and requested that the burglary charge "be consolidated in Middletown for sentencing." Thereupon, the court engaged in the following dialogue with the defendant: "The Court: Mr. Evans, you heard what Mr. Hurley has had to say about your participation in this crime. Is it true that you went in this residence in Old Lyme and stole these articles that were described by [the state's attorney]? The Defendant: Excuse me, Your Honor? The Court: You have heard—Have you heard what [the state's attorney] has said about your participation in this crime? The Defendant: Yes. The Court: Is it true that you went to this home in Old Lyme and broke into it and took these articles that [the state's attorney] has described? The Defendant: I plead guilty, Your Honor. [Defense Counsel]: Your Honor, I think I should explain to Your Honor that while he is pleading guilty, he has never admitted that he broke into the house; but he does admit the fact that the State does have sufficient evidence which upon a trial would result in a finding of guilty, undoubtedly."

There was no futher discussion initiated by either the attorneys or the court with respect to the nature of the charges then pending against the defendant.[3] In this appeal, the defendant claims that the court erred in failing to inform him of the essential elements of burglary in the second degree when he entered this guilty plea. He also claims that there was an insufficient factual

[3] The balance of the court's inquiry concerned the defendant's waiver of his rights of confrontation and against self-incrimination, and other inquiries mandated by Practice Book §§ 711 and 712, but did not touch on the elements of the crime of burglary in the second degree. See footnote 1, supra.

basis to support a plea of guilty under the *Alford* doctrine. Because we find the first claim dispositive, we do not reach the second.

As a preliminary matter, we note that the defendant did not make a motion to withdraw his guilty plea pursuant to Practice Book §§ 719 through 722. Nor did he otherwise preserve this error below. The invalidity of the plea is raised for the first time on appeal under the "exceptional circumstances" rule of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). Nevertheless, "because the error claimed by the defendant involves the violation of a fundamental constitutional right, we will consider it for the first time on appeal." (Citations omitted.) *State* v. *Childree,* 189 Conn. 114, 119, 454 A.2d 1274 (1983).

The fundamental principles governing guilty pleas are well integrated into our rules governing the daily administration of justice in this state. Practice Book § 711 (1) requires that the trial court determine that the defendant "fully understands . . . [t]he nature of the charge to which the plea is offered . . . ." Only recently we stated, "[t]he provisions of Practice Book § 711 are mandatory. *State* v. *Childree,* supra. It is the duty of the trial judge to comply strictly with its terms." *Finley* v. *Manson,* 1 Conn. App. 260, 263, 470 A.2d 1234 (1984). Whether a trial judge has effectively complied with this duty ultimately determines whether a defendant's conviction comports with the "universally recognized" requirements of due process. *Smith* v. *O'Grady,* 312 U.S. 329, 334, 61 S. Ct. 572, 85 L. Ed. 2d 859 (1941). "These considerations demand the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and its consequences. *Boykin* v. *Alabama,* [395 U.S. 238, 243–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)]. We therefore require the record affirmatively to disclose

that the defendant's choice was made intelligently and voluntarily." *State* v. *Childree,* supra, 120.

If one or more critical elements of a charged crime are not recited for the defendant's benefit by the trial judge the resultant guilty plea is invalid. *State* v. *Childree,* supra, 121. Our review of the record indicates that none of the elements of the offense were disclosed to the defendant in the proceedings below.

The state argues that the trial court, and this court, may presume that defense counsel explained the nature of the offense to the defendant. We are aware that a trial court's "substantial compliance"; *State* v. *Suggs,* 194 Conn. 223, 227, 478 A.2d 1008 (1984); with Practice Book requirements may pass constitutional muster when its actions are viewed in the context of the record as a whole. We reject, however, the state's claim that we may presume that counsel has effectively informed his client of the elements of the offense when the record does not affirmatively disclose an adequate basis for that conclusion. "Our rules of practice prescribe a detailed procedure for acceptance of a guilty plea . . . . Practice Book §§ 712–713. Where the record fails to disclose substantial compliance with this procedure, to cure the omission by resorting to a presumption that counsel has performed a duty of the court would be inconsistent with the principle that the necessary elements for an effective guilty plea must appear in the record. *Boykin* v. *Alabama,* [supra, 242]; *State* v. *Childree,* supra, 120." *State* v. *Marino,* 190 Conn. 639, 646–47 n.8, 462 A.2d 1021 (1983).

We recognize that " '[e]xcept for those inquiries which are constitutionally mandated or are required by our rules; Practice Book, 1978, §§ 711–713; the court is not obliged to assume the role of the defendant's counselor.' " *State* v. *Eason,* 192 Conn. 37, 45, 470 A.2d 688 (1984). Those basic "constitutionally mandated"

inquiries include, however, a sufficient canvassing of the critical elements of the offense with the accused to insure that he has a full "understanding of the law in relation to [the] facts." *Finley* v. *Manson,* supra, 263; *State* v. *Childree,* supra, 121. Since none of the essential elements of the charge of burglary in the second degree were disclosed to this defendant, we do not need to inquire further as to which of those omitted is "critical." *State* v. *Childree,* supra, 123.

There is error, the judgment is set aside and the case is remanded with direction to permit the defendant to withdraw his guilty plea and to proceed in accordance with law.

In this opinion the other judges concurred.