STATE OF CONNECTICUT *v.* ANGELO DANIEL JOYNER
(3435)

HULL, SPALLONE and DALY, Js.

Argued January 16—decision released March 18, 1986

*John R. Williams,* for the appellant (defendant).

*Julia D. Dewey,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Robert J. Devlin,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment convicting him of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) which was rendered upon his guilty plea. He claims that because the court did not, during the plea proceedings, explain to him the essential elements of the crime, or ask him if he fully understood those elements, his plea was not voluntary and, therefore, was made in violation of his constitutional right to due process. He accordingly claims that the trial court erred by denying his motion to withdraw the guilty plea. We agree.

A careful review of the record shows that none of the elements of this offense were explained to the defendant during the taking of the guilty plea. Nor did the court address the defendant personally to determine whether he fully understood the nature of the charge to which he was pleading.

The relevant rules of practice and the pertinent state and federal authorities are too well summarized in *State* v. *Evans,* 5 Conn. App. 113, 497 A.2d 73 (1985), to require needless repetition in this case. The following excerpt from *Evans,* however, sums up the position of this court in response to the state's assertion that the trial court was entitled to presume that the defendant's attorney advised him of the nature of the pending charges: "We reject, however, the state's claim that we may presume that counsel has effectively informed his client of the elements of the offense *when the record does not affirmatively disclose an adequate basis for that conclusion.* 'Our rules of practice prescribe a detailed procedure for acceptance of a guilty plea . . . . Practice Book §§ 712-713. Where the record fails to disclose substantial compliance with this procedure, to cure the omission by resorting to a presumption that counsel has performed a duty of the court would be inconsistent with the principle that the necessary elements for an effective guilty plea must appear in the record. *Boykin* v. *Alabama,* [395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)]; *State* v. *Childree,* [189 Conn. 114, 120, 454 A.2d 1274 (1983)].' *State* v. *Marino,* 190 Conn. 639, 646–47 n.8, 462 A.2d 1021 (1983)." (Emphasis added.) *State* v. *Evans,* supra, 117. Here, there was a total and clear violation of the relevant case law and of the pertinent requirements of Practice Book §§ 711 and 721.

There is error, the judgment is set aside and the case is remanded with direction to permit the defendant to withdraw his guilty plea and to proceed in accordance with law.