# State of Connecticut *v.* Samuel Loyd
## (4318)
## (4319)
## (4320)

Dupont, C. J., Borden and Spallone, Js.

Argued June 3—decision released August 12, 1986

*John W. Watson,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant in all cases).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Robert Lacobelle,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. The main issue of these combined appeals is whether the defendant's motions to withdraw his pleas of guilty should have been granted because his pleas were not made knowingly and voluntarily. Specifically, he claims that the trial court erred in not advising him during the taking of his pleas of the mandatory minimum sentences which could be imposed for the crimes with which he was charged, and in accepting the pleas when he was under stress and suffering from a mental illness. A second issue raised by the defendant is whether the same trial court acted as an unsworn witness at the defendant's hearing on his motions to withdraw his pleas, thereby depriving him of his federal sixth amendment rights. The defendant claims that these alleged errors of the court require that his cases be remanded to the trial court with direction that he be allowed to withdraw his guilty pleas.

On January 13, 1983, the defendant's counsel filed motions, under General Statutes § 54-56d, to determine his competence to stand trial. Pursuant to these motions, the defendant was found competent to stand trial. On July 26, 1983, the defendant entered guilty pleas under the *Alford* doctrine to all of the counts in all of the informations with which he was charged.[1] See

---

[1] The defendant was charged by multiple informations in three different cases in January of 1983 with two counts of robbery in the first degree,

*North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). The plea agreement was that the state would recommend a total effective sentence of ten years, suspended after eight years, and that the defendant could argue for a lesser sentence. It is clear from the record that the entire plea bargain was a unitary package.

Written motions to withdraw the pleas as involuntary due to the defendant's "mental status" were filed on August 3, 1984. All of the motions were identical, were based upon a report concerning the mental illness of the defendant prepared one and one-half months after the date of the taking of the pleas, and specifically alleged that the canvasses of the defendant's pleas were proper under Practice Book §§ 711 through 713. The trial court, *Callahan, J.,* which had originally accepted the pleas, heard testimony on the motions and denied them. The denials were based solely upon a

in violation of General Statutes § 53a-134 (a); two counts of burglary in the first degree, in violation of General Statutes § 53a-101 (a) (1); unlawful restraint in the first degree, in violation of General Statutes § 53a-95 (a); larceny in the second degree, in violation of General Statutes § 53a-119 and General Statutes § 53a-123 (a) (3); and burglary in the third degree, in violation of General Statutes § 53a-103 (a).

Robbery in the first degree carries a definite sentence of not less than one year nor more than twenty years. General Statutes § 53a-35a. Thus, the crime has a mandatory minimum sentence of one year within the meaning of Practice Book § 711 (2). Burglary in the first degree carries a definite sentence of not less than five nor more than twenty years; General Statutes § 53a-35a; five years of which may not be suspended or reduced. General Statutes § 53a-101 (c). That crime, therefore, has a mandatory minimum sentence which may not be suspended. Practice Book § 711 (3). Similarly, unlawful restraint in the first degree, larceny in the second degree and burglary in the third degree all carry mandatory minimum sentences of one year. General Statutes § 53a-35a.

Practice Book § 711 (2) and (3) require the court personally to advise the defendant of both a mandatory minimum sentence and of a sentence which may not be suspended. The court must so advise the defendant because in the former case the defendant may actually have to serve a suspended mandatory minimum sentence if he violates probation and, in the latter case, must serve the mandatory minimum nonsuspendable sentence.

review of the testimony relating to the defendant's mental condition existing at the time the pleas were taken, and upon the court's own knowledge of the defendant's attitude, appearance, and manner at that time. Ultimately, on March 15, 1985, the trial court, *Nigro, J.,* imposed a series of concurrent sentences, with a total effective sentence of eight years. These appeals followed.

The state concedes that the trial court did not, during the canvasses of the defendant's pleas, inform the defendant of the mandatory minimum sentences for each of the crimes with which he was charged, as mandated by Practice Book § 711 (1).[2] Both parties concede that the defendant did not raise the first issue of this appeal during the hearing on the defendant's motions to withdraw his pleas. Since the record supports the defendant's claims that a violation of a fundamental constitutional right is involved, however, the claims may be considered for the first time on appeal. *State v. Childree,* 189 Conn. 114, 119, 454 A.2d 1274 (1983); *State v. Evans,* 5 Conn. App. 113, 116, 497 A.2d 73 (1985); see also *State v. James,* 197 Conn. 358, 365, 497 A.2d 402 (1985) (failure to comply with Practice Book

---

[2] Practice Book § 711 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

§ 711 raises "grave questions . . . pertaining to the voluntary nature of the plea and consequently its constitutional validity").[3]

The failure of the trial court to canvass the defendant's pleas in order to ascertain the knowing, voluntary, and intelligent nature of his pleas is of constitutional dimension and is cognizable on appeal under the "exceptional circumstances" doctrine of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). *State* v. *Badgett,* 200 Conn. 412, 418, 434, 512 A.2d 160 (1986); *State* v. *Amarillo,* 198 Conn. 285, 313 n.16, 503 A.2d 146 (1986).

The principles of *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), require that a plea be knowing, intelligent and voluntary. In *State* v. *Badgett,* supra, a plea was found to be knowing, intelligent and voluntary because the record showed that the defendant must have been aware of his right to a jury trial, although the trial court only advised him of his right to a trial. There was, in effect, substantial compliance with a constitutional requirement and with Practice Book § 711 (5) although there was not precise compliance. In the present case, there is nothing in the record from which we can assume that the defendant was aware of the mandatory minimum sentences for each of the crimes with which he was charged or that two of those crimes provided for sentences which could not be suspended. Not only was there no substantial compliance with Practice Book § 711 (2) and (3), there was no compliance with those sections at all.

[3] In *State* v. *James,* 197 Conn. 358, 494 A.2d 402 (1985), the Supreme Court considered whether failure to inform a defendant of the maximum possible sentence as required by Practice Book § 711 (4) was reversible error. Noting that the length of time a defendant may have to spend incarcerated is an essential factor in determining whether or not to plead guilty, the court held that the trial court had failed to ensure that the plea had been entered with the defendant's full understanding, and that it was therefore error to deny the defendant's motion to withdraw his plea.

We do not read *State* v. *Badgett* as holding that the federal constitution requires only that there be a voluntary waiver during a plea canvass of the right to a jury trial, the right of confrontation, and the right against self-incrimination. *Boykin* v. *Alabama,* supra, upon which *Badgett* must and does rely, involved a situation where there was no plea canvass at all. The *Boykin* court emphasizes that a plea of guilty is a conviction and that it must be voluntary. Although that court discusses the triumverate of knowledge of rights to a jury trial, confrontation, and the right not to incriminate oneself, the court also discusses the fact that the defendant must be aware of and have an understanding of all of the elements of the crime or crimes with which he is charged, and of his sixth amendment right to counsel. The essential holding of *Boykin* is that an accused must be equipped with a full understanding of what a guilty plea "connotes and of its consequences." One consequence of a guilty plea is surely the punishment which may follow. The dissenters in *Badgett* state that the entire court agrees that the defendant may challenge the constitutional implications of his plea canvass even though he failed to mount such a challenge in the trial court. It is also clear that the dissent does not interpret the majority decision as negating the obligation of the trial court to acquaint the defendant with the elements of the crime, and the maximum penalty for the crime.

The provisions of Practice Book § 711 are mandatory when challenged on direct appeal. " 'After a guilty plea is accepted but before the imposition of sentence the court is obligated to permit withdrawal upon proof of one of the grounds in § 721.' "[4] *State* v. *Lasher,* 190

---

[4] Practice Book § 721 in pertinent part provides: "The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Sec. 711."

Conn. 259, 265, 460 A.2d 970 (1983); see also *State* v. *Watson*, 198 Conn. 598, 604, 504 A.2d 497 (1986); *State* v. *James,* supra, 363–64; *State* v. *Schaeffer,* 5 Conn. App. 378, 390, 498 A.2d 134 (1985); cf. *D'Amico* v. *Manson,* 193 Conn. 144, 156–57, 476 A.2d 543 (1984) (error which requires relief on appeal does not necessarily require relief in habeas corpus proceeding). Here, there was no substantial compliance with Practice Book § 711 because of the trial court's failure to inform the defendant of the mandatory minimum sentences for each of the crimes with which he was charged, and of the fact that, as to the two burglary counts, five years of the sentences could not be reduced or suspended. We conclude that the defendant's motions to withdraw his pleas should have been granted.

The second claim of the defendant is that the trial court acted as an unsworn witness at the hearing on the defendant's motions because the judge utilized his own observations about the defendant's attitude, appearance and manner in determining the mental competency of the defendant at the time the pleas were entered. When the trial court finds that the defendant's plea is knowing, intelligent and voluntary, there is an implicit finding that the defendant was competent at that time. *State* v. *Watson,* supra, 607. The trial judge who takes a plea is obviously in the best position to assess whether a defendant, at that time, behaved or spoke inappropriately or was, in any way, irrational. See *State* v. *Watson,* supra, 606–607. The court acted not as a witness but as the trier of the factual issue of the competency of the defendant to enter his guilty pleas. The court is mandated to determine whether guilty pleas are knowingly and voluntarily entered. Of necessity, that determination must be based, in part, upon its own personal observations relating to the demeanor, appearance and attitude of a defendant while answering the questions asked during a canvass

of a guilty plea. In this case, based upon the evidence introduced at the hearing on the defendant's motions, and the court's own conclusions about the defendant's mental competency, the denial of the defendant's motions would have been proper, absent the failure to comply with Practice Book § 711.

There is error, the judgments are set aside and the cases are remanded with direction to permit the defendant to withdraw his guilty pleas, and for further proceedings according to law.

In this opinion the other judges concurred.