STATE OF CONNECTICUT *v.* VINCENT COLLINS
(4877)
(4948)

HULL, DALY and STOUGHTON, Js.

Argued February 9—decision released May 12, 1987

*Martin Zeldis,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Christopher Malany,* deputy assistant state's attorney, with whom, on the brief, were, *John J. Kelly,* chief state's attorney, *Eugene J. Callahan,* state's attorney, and *Frederick W. Fawcett* and *Frank Maco,* assistant state's attorneys, for the appellee (state).

HULL, J. These combined appeals involve the voluntariness of the defendant's guilty pleas in three separate courts to a series of crimes under a plea bargain agreement providing for a seventeen year "cap" on incarceration resulting from such guilty pleas.

The defendant pleaded guilty on July 25, 1984, in the Stamford-Norwalk judicial district court, *Landau, J.,* to four counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4). The plea bargaining agreement stipulated that there would be a seventeen year cap on all files pending against him in the Stamford-Norwalk, Fairfield and Ansonia-Milford judicial districts. On July 27, 1984, the defendant pleaded guilty in the Fairfield judicial district, *Callahan, J.,* to one count of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2) and two counts of reckless endangerment in the first degree in violation

of General Statutes § 53a-63 (a). The plea bargaining agreement provided for ten years on the robbery count and two concurrent one year sentences on the reckless endangerment counts, all to run concurrently with the sentence to be imposed at Stamford-Norwalk. On August 3, 1984, the defendant pleaded guilty in the Ansonia-Milford judicial district court, *McGrath, J.,* to one count of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4). The plea bargaining agreement provided for five years on the robbery count to run concurrently with the sentence imposed in Stamford-Norwalk. After canvassing the defendant's guilty pleas, all three courts accepted the pleas. The Ansonia-Milford file was transferred to Stamford-Norwalk for sentencing.

The defendant did not object to the completeness of any of the canvasses conducted by the three courts. In each court, it was made clear to both the court and the defendant that the pleas of guilty were part of one overall package as described herein with an upper limit of seventeen years incarceration, with the defendant having the right at sentencing to argue for a lesser sentence.

On November 1, 1984, immediately before the Stamford-Norwalk sentencing, the defendant, through counsel, orally moved to withdraw his guilty pleas to the Norwalk and Milford crimes. Defense counsel admitted to the court that he had incorrectly advised the defendant regarding the computation of good time for the recommended seventeen year sentence. Counsel informed the court that the defendant was told that with time off for good behavior, he would spend less than ten years in prison. In fact, such a sentence with good time credit would result in twelve years and four months of incarceration. He stressed that the defendant wanted to withdraw his guilty pleas because of this erroneous advice. The court, *Landau, J.,* denied the

motion to withdraw the guilty pleas and imposed sentences of seventeen years concurrent on each of the five robbery charges pending in Stamford-Norwalk including the robbery charge which had been transferred from Ansonia-Milford.

On November 30, 1980, the defendant argued pro se before sentencing on an oral motion to withdraw his guilty pleas in Fairfield. He made the same argument regarding the advice he received concerning good time. The court, *Melville, J.*, denied this motion. The court then imposed the plea bargained sentence of ten years on the charge of robbery in the first degree and one year each on the two charges of reckless endangerment, the sentences to run concurrently with each other and with the sentences imposed in Stamford-Norwalk. The defendant filed appeals from the Fairfield and the Stamford-Norwalk judgments. The defendant raises three issues in these appeals: (1) claimed violations of the defendant's constitutional rights and violations of the rules of practice requirements for the acceptance of guilty pleas; (2) error in the court's failure to allow the defendant to withdraw his guilty pleas when he was misinformed by his attorney on the computation of good time on the plea-bargained sentences he received; and (3) error in the court's refusal to allow the defendant to withdraw his guilty plea in Ansonia-Milford when the court did not sentence him in accordance with the plea agreement.

The state conceded error in the Ansonia-Milford sentencing. The plea agreement there provided that the state would recommend a five year sentence on the robbery charge to run concurrently with the sentence to be imposed in the other two judicial districts. When the defendant was sentenced in Stamford-Norwalk for the transferred Ansonia-Milford robbery charge, he received a concurrent seventeen year term. The state conceded that under *Santobello* v. *New York*, 404 U.S.

257, 264, 95 S. Ct. 495, 30 L. Ed. 2d 427 (1971), and Connecticut precedent, the defendant is entitled to "specific performance on the [Ansonia-Milford] plea." Since, however, we conclude on the defendant's first claim of error that the courts erred in not granting the defendant's motions to withdraw his guilty pleas, we do not remand the Ansonia-Milford charge for resentencing. For the same reason, we do not consider the defendant's second claim of error.

The dispositive issue is the claim of inadequacies of the plea canvass in all three courts. The defendant claims the following numerous violations of Practice Book §§ 711 and 712:[1] (1) He claims that on the Stamford-Norwalk plea canvass there was no inquiry and advice by the court regarding the mandatory minimum sentence, that the court failed to inquire whether

---

[1] Practice Book § 711 provides:

"The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

Practice Book § 712 provides:

"The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his counsel."

the plea was the result of force or threats, and that the court failed to advise the defendant that, if he chose to go to trial, he would have a continued right to representation by counsel; (2) he claims that on the Fairfield plea canvass the court failed to advise the defendant that robbery in the first degree in violation of General Statutes § 53a-134 (a) had a mandatory minimum sentence of five years, and that five years of any sentence imposed could not be suspended; and (3) he claims that on the Ansonia-Milford plea canvass the court failed to advise the defendant as to the mandatory minimum sentence for robbery in the first degree in violation of General Statutes § 53a-134 (a) (4), that the court failed to inquire whether the plea was the result of force or threats, and that the court failed to explain to the defendant that if he chose to go to trial, he would have a continued right to representation by counsel.

The defendant's claim concerning the court's failure to advise him of the minimum sentences involved was not raised below. He seeks review under the doctrine of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), asserting that the record adequately supports a claim that he has clearly been deprived of a fundamental constitutional right and a fair trial. "The failure of the trial court to canvass the defendant's pleas in order to ascertain the knowing, voluntary, and intelligent nature of his pleas is of constitutional dimension and is cognizable on appeal under the 'exceptional circumstances' doctrine of *State* v. *Evans,* [supra]." *State* v. *Loyd,* 8 Conn. App. 491, 494A, 513 A.2d 193 (1986). "The state concedes that the trial court did not, during the canvasses of the defendant's pleas, inform the defendant of the mandatory minimum sentences for each of the crimes with which he was charged, as mandated by Practice Book § 711 (2). Both parties concede that the defendant did not raise the first issue of this appeal during the hearing on the defendant's motions

to withdraw his pleas. Since the record supports the defendant's claims that a violation of a fundamental constitutional right is involved, however, the claims may be considered for the first time on appeal. *State v. Childree,* 189 Conn. 114, 119, 454 A.2d 1274 (1983); *State v. Evans,* 5 Conn. App. 113, 116, 497 A.2d 73 (1985); see also *State v. James,* 197 Conn. 358, 365, 497 A.2d 402 (1985) (failure to comply with Practice Book § 711 raises 'grave questions . . . pertaining to the voluntary nature of the plea and consequently its constitutional validity')." *State v. Loyd,* supra, 494–94A. We therefore will review the defendant's claim.

A defendant's guilty plea must be knowingly and voluntarily made. *Boykin v. Alabama,* 395 U.S. 238, 242–43, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Connecticut's response to *Boykin* was the adoption of Practice Book §§ 711–713, spelling out the procedures, inquiries, and findings necessary before any guilty plea can be accepted. *State v. Godek* 182 Conn. 353, 357, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981). The purpose of these rules is to insure that the guilty plea is " 'made intelligently and voluntarily' "; *State v. Evans,* 5 Conn. App. 113, 116–17, 497 A.2d 73 (1985); and with a full understanding of the consequences of the plea. *State v. James,* supra, 365.

*State v. Loyd,* supra, is dispositive of the issues in the case. All three plea canvasses were deficient in the court's failure to inform the defendant of the mandatory minimum sentence required for all six first degree robbery charges to which the defendant pleaded guilty. Robbery in the first degree, in violation of General Statutes § 53a-134, is a class B felony. General Statutes § 53a-35a provides that the penalty for a class B felony is a term of imprisonment of not less than one year nor more than twenty years. Thus, the mandatory minimum sentence for robbery in the first degree in viola-

tion of § 53a-134 (a) (4) is incarceration for one year. In addition, in the Bridgeport plea canvass, the defendant was not informed that robbery in the first degree, in violation of General Statutes § 53a-134 (a) (2) carried a minimum nonsuspendible sentence of five years.

This case is closely analogous to *Loyd.* As the court stated in *Loyd:* "In the present case, there is nothing in the record from which we can assume that the defendant was aware of the mandatory minimum sentences for each of the crimes with which he was charged, or that two of those crimes provided for sentences which could not be suspended. Not only was there no substantial compliance with Practice Book § 711 (2) and (3), there was no compliance with those sections at all. . . .

"The provisions of Practice Book § 711 are mandatory when challenged on direct appeal. ' "After a guilty plea is accepted but before the imposition of sentence the court is obligated to permit withdrawal upon proof of one of the grounds in § 721.' " *State* v. *Lasher,* 190 Conn. 259, 265, 460 A.2d 970 (1983); see also *State* v. *Watson,* 198 Conn. 598, 604, 504 A.2d 497 (1986); *State* v. *James,* supra, 363–64; *State* v. *Schaeffer,* 5 Conn. App. 378, 390, 498 A.2d 134 (1985); cf. *D'Amico* v. *Manson,* 193 Conn. 144, 156–57, 476 A.2d 543 (1984) (error which requires relief on appeal does not necessarily require relief in habeas corpus proceeding). Here, there was no substantial compliance with Practice Book § 711 because of the trial court's failure to inform the defendant of the mandatory minimum sentences for each of the crimes with which he was charged, and of the fact that, as to the two burglary counts, five years of the sentences could not be reduced or suspended. We conclude that the defendant's motions to withdraw his pleas should have been granted." *State* v. *Loyd,* supra, 494A–95.

In this case, as in *Loyd,* we are also faced with the Bridgeport court's failure to advise and inquire of the defendant concerning the nonsuspendible five year sentence attached to a violation of General Statutes § 53a-134 (a) (2). There are also numerous other Practice Book violations conceded by the state. We cannot speculate as to what the defendant knew or did not know about the sentences he might receive after pleading guilty.

"The length of time a defendant must spend incarcerated is clearly crucial to a decision involving whether he should plead guilty." *State* v. *Schaeffer,* supra, 390; see also *State* v. *James,* supra, 363; *State* v. *Collins,* 176 Conn. 7, 9–10, 404 A.2d 871 (1978). We conclude that the defendant's motions to withdraw his pleas of guilty should have been granted because his pleas were not made knowingly and voluntarily.

There is error, the judgments are set aside and the cases are remanded with instruction to proceed in accordance with this opinion.

In this opinion the other judges concurred.