STATE OF CONNECTICUT *v.* MICHAEL PATTERSON
(4881)
(4882)
(4883)
(4884)
(4885)
(4886)

DUPONT, C. J., BORDEN and FOTI, Js.

Argued March 1—decision released April 19, 1988

*Mark Petty,* with whom was *A. Paul Spinella,* for the appellant (defendant).

*Vincent J. Dooley,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgments of conviction, after his pleas of guilty, to two counts of robbery in the second degree in violation of General Statutes § 53a-135, and four counts of larceny in the third degree in violation of General Statutes § 53a-124. The defendant claims that the trial court erred (1) in failing, in violation of Practice Book § 711 and in violation of his constitutional right to due process of law, to inform him during the plea canvass of the maximum possible sentence and the elements of each crime with which he was charged, and (2) in failing to use the correct standard of proof in granting the state's amended request to correct the transcripts of the plea canvass.

We first address the defendant's claim regarding the trial court's failure to apprise him of the elements of the crimes to which he pleaded guilty.[1] The disposition of this issue is controlled by our decision in *State* v. *Loyd,* 8 Conn. App. 491, 513 A.2d 193 (1986), cert. denied, 203 Conn. 801, 522 A.2d 293 (1987). In *State* v. *Loyd,* we interpreted the constitutional stricture that a plea of guilty must be knowingly and voluntarily made; *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); as requiring not only that there be a voluntary waiver during a plea canvass of the right to a jury trial, the right of confrontation and the right against self-incrimination, but also that the defendant "must be aware of and have an under-

---

[1] The defendant did not raise this claim in the trial court. Because the error claimed by the defendant involves the violation of a fundamental constitutional right, however, we will consider it for the first time on appeal. *State* v. *Badgett,* 200 Conn. 412, 417, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986); *State* v. *Collins,* 10 Conn. App. 659, 665, 525 A.2d 135 (1987).

standing of all of the elements of the crime or crimes with which he is charged . . . ." *State* v. *Loyd,* supra, 494B. Furthermore, Practice Book § 711 (1) requires that a trial court not accept a guilty plea until it is satisfied that the defendant "fully understands . . . [t]he nature of the charge to which the plea is offered . . . ." "The provisions of Practice Book § 711 are mandatory when challenged on direct appeal." *State* v. *Loyd,* supra, 494B.

The record clearly discloses that the defendant was not informed by the trial court during the plea canvass of the essential elements of the crimes with which he was charged. We find error because of this failure to inform the defendant. Since we find error in this regard, we need not address the defendant's other claim.

There is error, the judgments are set aside and the cases are remanded with direction to permit the defendant to withdraw his guilty pleas and for further proceedings according to law.