## State of Connecticut *v.* Terris Hackett
## (6512)

Daly, O'Connell and Stoughton, Js.

Argued June 14—decision released October 4, 1988

*Brian J. Kornbrath,* with whom, on the brief, were *Jon L. Schoenhorn* and *Mary-Elizabeth Ahern,* for the appellant (defendant).

*Vincent J. Dooley,* deputy assistant state's attorney, with whom, on the brief, was *Seymour A. Rothenberg,* assistant state's attorney, for the appellee (state).

Daly, J. The defendant appeals from the judgment of conviction, after his pleas of guilty, of conspiracy

to commit burglary in the third degree in violation of General Statutes §§ 53a-103 and 53a-48, and of carrying a dangerous weapon in violation of General Statutes § 53a-206. The defendant claims that his guilty pleas were invalid (1) because the trial court failed to advise him of the elements of the crimes to which he was pleading guilty, and (2) because the trial court failed to advise him of the mandatory minimum sentence for conspiracy to commit burglary in the third degree before accepting the plea.

We begin by addressing the defendant's first claim of error. "It is axiomatic that unless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable. *McCarthy* v. *United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969) . . . ." *State* v. *Childree,* 189 Conn. 114, 119, 454 A.2d 1274 (1983). The constitutional stricture that a plea of guilty must be made knowingly and voluntarily; *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); requires "not only that there be a voluntary waiver during a plea canvass of the right to a jury trial, the right of confrontation and the right against self-incrimination, but also that the defendant 'must be aware of and have an understanding of all of the elements of the crime or crimes with which he is charged . . . .' *State* v. *Loyd,* [8 Conn. App. 491, 494B, 513 A.2d 193 (1986), cert. denied, 203 Conn. 801, 522 A.2d 293 (1987)]." *State* v. *Patterson,* 14 Conn. App. 159, 160, 540 A.2d 703, cert. denied, 208 Conn. 813, 546 A.2d 281 (1988). " '[T]he plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Smith* v. *O'Grady,* 312 U.S. 329, 334 [61 S. Ct. 572, 85 L. Ed. 859 (1941)].'

*Henderson* v. *Morgan,* [426 U.S. 637, 645, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976)] . . . ." *State* v. *Childree,* supra, 121.

Our courts have stopped short of adopting a per se rule that notice of the true nature of the charge always requires the court to give a description of every element of the offense charged. Id., 123. "The trial court's failure to explicate an element renders the plea invalid only where the omitted element is a critical one; [*Henderson* v. *Morgan,* supra, 647 n.18]; and only where it is not appropriate to presume that defense counsel has explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." Id.

The record in this case indicates that the trial court did not inform the defendant of any of the elements of the crimes with which he was charged. See *State* v. *Patterson,* supra. Furthermore, the record does not suggest any facts which would give rise to the presumption that defense counsel informed the defendant of those elements. *State* v. *Joyner,* 6 Conn. App. 469, 470, 506 A.2d 561 (1986). "We reject . . . the state's claim that we may presume that counsel has effectively informed his client of the elements of the offense *when the record does not affirmatively disclose an adequate basis for that conclusion.*" (Emphasis in original.) *State* v. *Evans,* 5 Conn. App. 113, 117, 497 A.2d 73 (1985). Accordingly, we find error on the defendant's first claim. Because we find error on that claim, we need not address the defendant's remaining claim of error.

There is error, the judgment is set aside and the case is remanded with direction to permit the defendant to withdraw his guilty pleas and for further proceedings according to law.

In this opinion the other judges concurred.