STATE OF CONNECTICUT *v.* BARBARA GARIGALI
(7844)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued October 31—decision released December 6, 1989

*Ralph C. Crozier,* with whom, on the brief, was *Barbara L. DeGennaro,* for the appellant (defendant).

*Timothy J. Sugrue,* deputy assistant state's attorney, with whom, on the brief, were *Eugene J. Callahan,* state's attorney, and *Robert Katz,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgments of conviction rendered after her pleas of guilty under the *Alford* doctrine[1] to larceny in the first degree in violation of General Statutes § 53a-122, attempted larceny in the third degree in violation of General Statutes § 53a-124, issuing a bad check in violation of Gen-

---

[1] *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

eral Statutes § 53a-128, and failure to appear in the second degree in violation of General Statutes § 53a-173. The defendant claims that her guilty pleas were invalid because the trial court failed to advise her of the elements of the crimes to which she was pleading guilty, and that the court erred in failing to grant her "motion to reopen."[2]

The state concedes, and we agree after a review of the record, that the defendant was not informed by the trial court during the plea canvass of the essential elements of the crimes with which she was charged. *State* v. *Hackett,* 16 Conn. App. 601, 602–603, 548 A.2d 16 (1988); *State* v. *Patterson,* 14 Conn. App. 159, 160, 540 A.2d 703, cert. denied, 208 Conn. 813, 546 A.2d 281 (1988). A trial court may not accept a guilty plea until it is satisfied that the defendant fully understands the nature of the charges to which the pleas are offered. Practice Book § 711. " 'The provisions of Practice Book § 711 are mandatory when challenged on direct appeal.' " *State* v. *Patterson,* supra, 161, quoting *State* v. *Loyd,* 8 Conn. App. 491, 494B, 513 A.2d 193 (1986), cert. denied, 203 Conn. 801, 522 A.2d 293 (1987).

There is error, the judgments are set aside and the cases are remanded with direction to permit the defendant to withdraw her guilty pleas and for further proceedings according to law.

---

[2] On appeal this motion is characterized as a motion to withdraw plea pursuant to Practice Book § 720. While we note that a motion to open is not the proper procedural vehicle with which to withdraw a guilty plea, this characterization is not disputed under the present circumstances.