## State of Connecticut v. Scott Elijah
### (12340)

Dupont, C. J., Landau and Schaller, Js.

Argued February 14—decision released June 7, 1994

*Norman A. Pattis,* with whom, on the brief, was *John R. Williams,* for the appellant (defendant).

*Nancy L. Gillespie,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *James Dinnan,* assistant state's attorney, for the appellee (state).

SCHALLER, J. The dispositive issue on appeal is whether the trial court, in canvassing the defendant before accepting an *Alford* plea,[1] denied the defend-

---

[1] *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). An *Alford* plea is one in which the defendant pleads guilty but does

ant his due process rights by not properly advising him of the essential elements of the crimes to which he was pleading guilty.

The defendant pleaded guilty to the crimes of possession of narcotics with the intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-277 and conspiracy to sell narcotics in violation of General Statutes § 53a-48 (a). Subsequent to the trial court's acceptance of the plea, the defendant attempted to withdraw the plea pursuant to Practice Book § 719 et seq. A plea can be withdrawn on any of the grounds enumerated in Practice Book § 721.[2] The defendant presents the following issues on appeal: whether the trial court improperly (1) accepted his plea of guilty without apprising him of the nature of the charges against him pursuant to Practice Book § 711, and (2) refused to allow him to withdraw his plea under § 721 (5), which provides that a defendant may withdraw a plea after acceptance if "[t]here was no factual basis for the plea." Because we reverse the trial court's judgment on the ground that the trial court did not properly inform the defendant of the nature of the charges against him, we do not reach the issue of whether there was an adequate factual basis for the plea.

Our Supreme Court has stated that "unless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable. . . . In choosing to plead guilty, the defend-

---

not admit that the allegations against him are true; rather, he admits that the prosecution would be able to prove that the allegations are true.

[2] Practice Book § 721 provides in pertinent part: "The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows: (1) The plea was accepted without substantial compliance with Sec. 711; (2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed . . . (5) There was no factual basis for the plea . . . ."

ant is waiving several constitutional rights, including his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. . . . We therefore require the record affirmatively to disclose that the defendant's choice was made intelligently and voluntarily. . . ." (Citations omitted.) *State* v. *Childree*, 189 Conn. 114, 119–20, 454 A.2d 1274 (1983). These principles are in accordance with Practice Book § 711 (1) et seq. "Practice Book § 711 (1) requires that *the trial court* determine that the defendant 'fully understands . . . [t]he nature of the charge to which the plea is offered . . . .' Only recently [our Supreme Court has] stated, '[t]he provisions of Practice Book § 711 are mandatory. . . . It is the duty of *the trial judge* to comply strictly with its terms.' " (Citations omitted; emphasis added.) *State* v. *Evans*, 5 Conn. App. 113, 116, 497 A.2d 73 (1985).

There are two caveats with respect to this duty. First, although the trial court need not state all the elements of the crime charged, it must recite the critical elements. *State* v. *Childree*, supra, 189 Conn. 123; *State* v. *Evans*, supra, 5 Conn. App. 117. In the present case, because the trial court did not state any of the elements, this distinction is irrelevant. Second, our Supreme Court has also stated that the recitation of the elements by the trial court is necessary only when "it is not appropriate to presume that defense counsel has explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *State* v. *Childree*, supra, 123.

Our appellate courts have concluded in several cases that the trial court could properly determine, upon inquiry, that defense counsel has explained sufficiently the elements of the offense to the defendant. We do not believe, however, that the present case falls into this category. In *Oppel* v. *Lopes*, 200 Conn. 553, 557 n.3, 512 A.2d 888 (1986), the trial court asked the

defendant if his attorney had advised him of the "essential elements" of the crime, to which the defendant responded, "Yes." Our Supreme Court determined that this response provided a sufficient showing that the defendant was aware of the elements. Id., 557. Likewise, in *State* v. *Brown,* 19 Conn. App. 640, 645 n.2, 563 A.2d 1379, cert. denied, 212 Conn. 821, 565 A.2d 540 (1989), we determined that the presumption was warranted when the trial court asked the defendant if his attorney had explained "all of the elements which go to make up the crimes to which [he had] just pleaded."

In *Bowers* v. *Warden,* 19 Conn. App. 440, 442, 562 A.2d 888, cert. denied, 212 Conn. 817, 565 A.2d 534 (1989), an appeal from the habeas court, this court found that a similar inquiry gave rise to the presumption that the petitioner was advised of the elements by defense counsel. In that case, the trial court asked the petitioner if he understood the crime with which he had been charged, murder, and "what is involved in the charge itself," to which the petitioner responded affirmatively. Id. In determining that the petitioner had been sufficiently apprised of the elements of the crime, the habeas court did not rely solely on the inquiry of the trial court. The habeas court turned to other factors in conjunction with the representation in finding that the petitioner was aware of the elements of the crimes with which he was charged. For example, two attorneys who had represented the petitioner at the plea hearing testified before the habeas court that they had each informed the petitioner of the elements of the offense prior to his plea. Id., 442–43.

The present case, while similar, is not of the same nature. Here, the trial court asked the defendant, "[Did your attorney] explain those charges to you so you understand, generally, what the state would have to prove to convict you of the charge?" The defendant

responded, "Yes." This question alone is insufficient to support the presumption that counsel explained the *elements* of the charged offenses to the defendant. The facts of the inquiry in this case distinguish it from *Oppel* and *Brown,* where the defendant was asked if his attorney had explained the *elements* of the charge. It is also distinguishable from *Bowers* where the trial court's inquiry to the petitioner was supplemented by other evidence before the habeas court which gave rise to the presumption that counsel had explained the elements.

We reaffirm the principle that "[i]t is the duty of the trial judge" to comply with § 711. *State* v. *Evans,* supra, 5 Conn. App. 116. The presumption that defense counsel has explained the elements of the offense to the defendant arises only in limited circumstances where the record clearly supports that presumption. The inquiry in the present case, standing alone, is insufficient.

The judgment is reversed and the case is remanded with direction to allow the defendant to withdraw his guilty plea and for further proceedings in accordance with law.

In this opinion the other judges concurred.