STATE OF CONNECTICUT *v.* LEONARDO LOPEZ
(SC 17035)

Borden, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued May 18—officially released June 29, 2004

*Wesley S. Spears*, for the appellant (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *John Connelly*, state's attorney, and *Judith Dicine*, assistant state's attorney, for the appellee (state).

### Opinion

PER CURIAM. This appeal arises from the judgments of conviction, following the guilty pleas of the defendant, Leonardo Lopez, under the *Alford* doctrine; see *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); to various charges involving the defendant's ownership of certain residential properties in Waterbury. The defendant did not seek to withdraw his pleas at any time prior to sentencing on the pleas. Following the sentencing on his pleas, the defendant appealed to the Appellate Court claiming, among other things, that his pleas were involuntary because the trial

court had not ascertained whether he understood the elements of the charged offenses. The Appellate Court rejected this claim, reasoning that, based upon the record of the case, "even if the court expressly had stated the elements of the crimes, the defendant's decision [to plead guilty] would not have been different" and concluding that "the court's failure to inform him explicitly of all [of] the elements of the charges did not render his guilty plea to the violations unknowing or involuntary." *State* v. *Lopez*, 77 Conn. App. 67, 77, 822 A.2d 948 (2003). We then granted certification to appeal, limited to the following issue: "Whether the Appellate Court properly held that the defendant's pleas of guilty were knowingly and voluntarily made?" *State* v. *Lopez*, 265 Conn. 903, 904, 829 A.2d 421 (2003).

After examining the record on appeal and fully considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The thoughtful and comprehensive opinion of the Appellate Court; *State* v. *Lopez*, supra, 77 Conn. App. 67; properly resolved the issue in this certified appeal. With one exception, a further discussion by this court would serve no useful purpose. See, e.g., *State* v. *Butler*, 255 Conn. 828, 830, 769 A.2d 697 (2001).

Our only disagreement with the opinion of the Appellate Court involves its brief discussion of the ordinary presumption, in cases of pleas of guilty, that defense counsel has informed the defendant of the elements of the crimes charged. *State* v. *Lopez*, supra, 77 Conn. App. 75. The Appellate Court stated that this presumption was not supported by the record because the transcript of the plea did "not reveal that the court asked the defendant if he had an opportunity to discuss the plea [agreement] with his attorney." Id., 75 n.11. To the extent that this passage suggests that, in order for the presumption to apply, there must be something in the

record that positively indicates such an opportunity, it misstates the law in the defendant's favor. Under *Henderson* v. *Morgan*, 426 U.S. 637, 647, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976), even without an express statement by the court of the elements of the crimes charged, it is "appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." See also *Marshall* v. *Lonberger*, 459 U.S. 422, 436–37, 103 S. Ct. 843, 74 L. Ed. 2d 646 (1983) (same); *Oppel* v. *Meachum*, 851 F.2d 34, 38 (2d Cir.) ("under *Henderson* v. *Morgan* [supra, 647] it is normally presumed that the defendant is informed by his attorney of the charges against him and the elements of those charges"), cert. denied, 488 U.S. 911, 109 S. Ct. 266, 102 L. Ed. 2d 254 (1988). Thus, unless a record contains some positive suggestion that the defendant's attorney had *not* informed the defendant of the elements of the crimes to which he was pleading guilty, the normal presumption applies.

The judgment of the Appellate Court is affirmed.