# STATE OF CONNECTICUT *v.* JESSICA M. MAZZOLA
## (AC 25408)

Bishop, McLachlan and Foti, Js.

Argued September 13—officially released October 25, 2005

*Sarah F. Summons*, special public defender, for the appellant (defendant).

*Christopher T. Godialis*, senior assistant state's attorney, with whom, on the brief, were *Mary M. Galvin*, state's attorney, and *Francis J. McQuade*, former supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

FOTI, J. The defendant, Jessica M. Mazzola, appeals from the judgment of conviction rendered after she pleaded guilty under the *Alford* doctrine[1] to possession of narcotics in violation of General Statutes § 21a-279 (a), and from the judgment revoking her probation. On appeal, the defendant claims that (1) her plea was not knowing and voluntary, (2) the trial court conducted an improper plea canvass and (3) the court improperly denied her an opportunity after sentencing to speak with a public defender about her sentence and to withdraw her plea. We affirm the judgment of the trial court.

Pursuant to a plea agreement, the defendant admitted to a violation of probation and pleaded guilty to posses-

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "The *Alford* doctrine allows a defendant to plead guilty without admitting guilt. In pleading guilty, however, the defendant acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Boscarino*, 86 Conn. App. 447, 451 n.4, 861 A.2d 579 (2004).

sion of narcotics on January 8, 2003. In conducting the plea canvass, the court, *Sylvester, J.*, stated: "[A]s I understand the plea bargain, I'm going to continue the case until February 13, 2003, for sentencing. If you appear on February 13 . . . the court will impose a total effective sentence of three years and nine months. However, if you do not appear for sentencing on February 13 and are sentenced on any other date thereafter, the court is free to impose whatever sentence the court feels is appropriate, provided it does not exceed the maximum for each of these crimes, which in this case is ten years in jail and, or, fines not to exceed $50,000. Do you understand that?" The defendant replied: "Yes." After completing the canvass, Judge Sylvester accepted the defendant's guilty plea.

On February 13, 2003, the court, *Holden, J.*, granted the defendant's request to postpone sentencing until February 18, 2003. The defendant failed to appear on that date, and Judge Holden continued the matter to the following day. When the defendant again failed to appear on February 19, 2003, Judge Holden sentenced her in absentia to a total effective term of seven years incarceration. This appeal followed.

I

The defendant's first claim is that she did not plead guilty knowingly and voluntarily. The defendant argues that she did not understand that she could receive a longer sentence if she failed to appear. Although she did not preserve her claim, she now seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[2] We determine that the record is adequate for

---

[2] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond

review and that the claim is of constitutional magnitude, but we conclude that the alleged constitutional violation does not exist.

"In order for a plea to be valid, the record must affirmatively disclose that the defendant understands the nature of the charge upon which the plea is entered . . . the mandatory minimum sentence, if any . . . the fact that a statute does not permit the sentence to be suspended . . . the maximum possible sentence . . . and that the defendant has the right to plead not guilty or to persist in that plea if already made, the right to a trial by a jury or judge, the right to assistance of counsel, the right to confront the defendant's accusers and the right against compelled self-incrimination. . . . The record must further disclose that the plea is voluntary and not the result of threats or promises." (Internal quotation marks omitted.) *Calabrese* v. *Commissioner of Correction*, 88 Conn. App. 144, 158–59, 868 A.2d 787, cert. denied, 273 Conn. 936, 875 A.2d 543 (2005).

Judge Sylvester explained the terms of the plea agreement to the defendant during the canvass. The defendant expressly acknowledged that she understood that if she failed to appear for sentencing on the appointed date, the court could impose any sentence it deemed appropriate, up to the statutory maximum. We therefore conclude that the defendant knowingly and voluntarily pleaded guilty.

## II

The defendant's second claim is that her plea canvass was improper. The defendant does not identify any inadequacies in Judge Sylvester's canvass on January 8, 2003. She argues only that Judge Holden should have conducted a second canvass on February 13, 2003, when

a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

she requested postponement of her sentencing. In the defendant's view, Judge Holden's decision to postpone sentencing until February 18, 2003, modified the plea agreement and therefore required a second canvass. We disagree.

"[A] trial court cannot modify a plea bargain in a manner detrimental to the defendant without affording him an opportunity to withdraw his plea." *State* v. *Andrews*, 53 Conn. App. 90, 97, 729 A.2d 232 (1999), aff'd, 253 Conn. 497, 752 A.2d 49 (2000). In the present case, however, Judge Holden granted the defendant's request to postpone sentencing for five days. That postponement was not a modification of the plea bargain and did not require Judge Holden to conduct a second canvass.

## III

The defendant's third claim is that she should have been given an opportunity after sentencing to speak with a public defender about her sentence and to withdraw her plea. We disagree.

The defendant appeared before Judge Sylvester on March 26, 2003, on charges of failure to appear on February 18 and 19, 2003. Judge Sylvester appointed a public defender to represent the defendant because her former attorney had ceased to represent her when she had been sentenced in absentia on February 19, 2003. The defendant asked Judge Sylvester if she could speak with the public defender about her sentence, but Judge Sylvester told her that she could speak with the public defender only about the charges of failure to appear. We determine that Judge Sylvester's response was proper because the defendant already had been sentenced, and the purpose of the proceeding involving the public defender concerned only the charges of failure to appear.

As to the withdrawal of the defendant's guilty plea after sentencing, we note that the defendant never attempted to withdraw her plea. Practice Book § 39-26 provides in relevant part that "[a] defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed." Furthermore, "the court loses jurisdiction over the case when the defendant is committed to the custody of the commissioner of correction and begins serving the sentence." *State* v. *Luzietti*, 230 Conn. 427, 432, 646 A.2d 85 (1994). We therefore conclude that the court lacked power to give the defendant an opportunity to withdraw her plea after sentencing.

The judgment is affirmed.

In this opinion the other judges concurred.