## STATE OF CONNECTICUT *v.* LAMONT V. SAMUEL
### (AC 25626)

DiPentima, Gruendel and West, Js.

Argued January 12—officially released April 11, 2006

*Jane E. Carroll,* special public defender, for the appellant (defendant).

*Mitchell S. Brody,* senior assistant state's attorney, with whom, on the brief, was *Scott J. Murphy,* state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Lamont V. Samuel, appeals from the judgment of conviction rendered after he pleaded guilty under the *Alford* doctrine[1] to assault in the first degree in violation of General Statutes § 53a-59 (a) (5), attempt to commit assault in the first degree

---

[1] See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "The *Alford* doctrine allows a defendant to plead guilty without admitting guilt. In pleading guilty, however, the defendant acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Mazzola,* 92 Conn. App. 136, 137 n.1, 883 A.2d 825 (2005).

in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (1), assault of public safety personnel in violation of General Statutes § 53a-167c (a) (1), and commission of a class A, B or C felony with a firearm in violation of General Statutes § 53-202k. On appeal, the defendant claims that (1) his plea was not knowing and voluntary, and (2) the court improperly rendered judgment convicting him of a separate crime under § 53-202k. We affirm in part and reverse in part the judgment of the trial court.

On December 20, 2001, Officer Paul O'Connor of the New Britain police department responded to a complaint that a group of people, including the defendant, was smoking marijuana outside 69-71 Roberts Street. When O'Connor approached and requested the defendant's identification, the defendant pulled out a gun and shot O'Connor in the forearm. The defendant then knocked O'Connor to the ground, took his nightstick and struck him several times. Other officers soon arrived and arrested the defendant.

On April 26, 2004, after jury selection had been completed in the defendant's trial, the defendant decided to accept a plea agreement. The court subsequently sentenced him to a total effective term of thirty-one years incarceration. This appeal followed.

I

The defendant first claims that he did not plead guilty knowingly and voluntarily because he did not understand the elements of the crime of assault in the first degree, specifically, intent to cause physical injury to another person.[2] The defendant maintains that he was suicidal when he shot O'Connor and that he did not

---

[2] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when . . . (5) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of the discharge of a firearm."

intend to cause physical injury to O'Connor, but rather intended to provoke O'Connor into shooting him. Although the defendant did not preserve his claim because he did not attempt to withdraw his plea prior to sentencing, he now seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3] We determine that the record is adequate for review[4] and that the claim is of constitutional magnitude,[5] but we conclude that the alleged constitutional violation does not clearly exist.

"In order for a plea to be valid, the record must affirmatively disclose that the defendant understands the nature of the charge upon which the plea is entered . . . the mandatory minimum sentence, if any . . . the fact that a statute does not permit the sentence to be suspended . . . the maximum possible sentence . . .

[3] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

[4] The state argues that the record is not adequate for review because the defendant should have provided more information about his discussions with his counsel regarding the elements of the crimes charged. We disagree. Practice Book § 61-10 provides in relevant part that "[i]t is the responsibility of the appellant to provide an adequate record for review. . . . [T]he term 'record' . . . includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety." The defendant has provided a transcript of the plea canvass, and that transcript is the only document that is necessary for the resolution of his claim that he did not understand the elements of the crimes charged. Although additional information not contained in the record might be helpful to the defendant, it is not necessary to resolve his claim.

[5] The defendant states that his claim encompasses both federal and state constitutional violations. Because he has not briefed a state claim separately, we consider only a claim of a federal constitutional violation. See *State* v. *Vega*, 259 Conn. 374, 384 n.15, 788 A.2d 1221, cert. denied, 537 U.S. 836, 123 S. Ct. 152, 154 L. Ed. 2d 56 (2002).

and that the defendant has the right to plead not guilty or to persist in that plea if already made, the right to a trial by a jury or judge, the right to assistance of counsel, the right to confront the defendant's accusers and the right against compelled self-incrimination. . . . The record must further disclose that the plea is voluntary and not the result of threats or promises." (Internal quotation marks omitted.) *State* v. *Mazzola*, 92 Conn. App. 136, 139, 883 A.2d 825 (2005).

"[E]ven without an express statement by the court of the elements of the crimes charged, it is appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. . . . [U]nless a record contains some positive suggestion that the defendant's attorney had *not* informed the defendant of the elements of the crimes to which he was pleading guilty, the normal presumption applies." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Lopez*, 269 Conn. 799, 802, 850 A.2d 143 (2004).

The defendant argues that, under the circumstances of his case, it is not appropriate to presume that his counsel explained to him the intent element of the crime of assault in the first degree. The defendant contends that the following facts constitute a positive suggestion that his counsel did not inform him of the intent element. On January 7, 2002, Claud E. Chong, a public defender, commenced representation of the defendant. Approximately one year later, the defendant filed a motion to dismiss counsel because he was dissatisfied with Chong's representation. The defendant alleged that Chong had not kept him informed regarding the status of his case and had not provided him with documents that he had requested. Following a hearing on March 7, 2003, the court denied the defendant's motion. The defendant sent a letter to the court on April 15, 2004,

just four days before his trial was to begin, again expressing his dissatisfaction with Chong. The next day, the defendant's family retained attorney Norman A. Pattis, who filed an appearance on April 19, 2004, the day the defendant's trial began. One week later, after jury selection had been completed, the defendant decided to accept a plea agreement. In the defendant's view, his dissatisfaction with Chong's representation and the short period of time during which Pattis represented him constitute a positive suggestion that he was not informed of the intent element of the crime of assault in the first degree.

We conclude that the circumstances of the defendant's representation by Chong and Pattis provide an insufficient basis for overcoming the presumption that counsel explained the intent element to him. Our conclusion finds support in the defendant's responses to the court's questions during the plea canvass. In particular, the court asked the defendant: "[H]as attorney Pattis explained to you what the state would need to prove to convict you of the crime of assault in the first degree? Did he go over that with you?"[6] The defendant replied: "Oh, yes." The defendant also responded affirmatively to several other questions regarding whether Pattis had explained the charges to which the defendant pleaded guilty. The defendant's responses during the canvass

---

[6] The defendant points out that this court previously determined that a nearly identical question during a plea canvass was "insufficient to support the presumption that counsel explained the *elements* of the charged offenses to the defendant." (Emphasis in original.) *State* v. *Elijah*, 34 Conn. App. 595, 599, 642 A.2d 735, cert. denied, 231 Conn. 907, 648 A.2d 157 (1994). In *Elijah*, this court further stated: "The presumption that defense counsel has explained the elements of the offense to the defendant arises only in limited circumstances where the record clearly supports that presumption." Id. *Elijah* is ten years older than *State* v. *Lopez*, supra, 269 Conn. 799, and directly conflicts with *Lopez*. Pursuant to *Lopez*, the record must contain a positive suggestion that counsel had *not* explained the elements of the crimes charged. Id., 802. We therefore conclude that *Elijah* is no longer good law.

weigh against his argument that his counsel did not inform him of the intent element. We therefore reject the defendant's claim.

## II

The defendant next claims that the court improperly rendered judgment convicting him of a separate crime under § 53-202k. The state concedes, and the judgment file indicates, that the defendant is entitled to prevail on his claim.[7] Our Supreme Court held in *State* v. *Dash*, 242 Conn. 143, 150, 698 A.2d 297 (1997), that § 53-202k is a sentence enhancement provision and not a separate crime. We conclude that *Dash* governs this situation, and further discussion of our Supreme Court's clear holding would serve no useful purpose. Although the defendant's total effective sentence was proper, the judgment must be modified to reflect the fact that § 53-202k does not constitute a separate offense. Accordingly, the defendant is entitled to have his conviction under § 53-202k vacated. See *Vivo* v. *Commissioner of Correction*, 90 Conn. App. 167, 177, 876 A.2d 1216, cert. denied, 275 Conn. 925, 883 A.2d 1253 (2005).

The judgment is reversed only as to the conviction under § 53-202k and the case is remanded with direction to vacate that conviction and to resentence the defendant to a total effective term of thirty-one years incarceration. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

---

[7] The defendant invites us to invoke the plain error doctrine, as provided in Practice Book § 60-5, which "is reserved for occasions requiring the reversal of the judgment under review." *State* v. *Kirk R.*, 271 Conn. 499, 508 n.14, 857 A.2d 908 (2004). We accept the defendant's invitation because there are serious constitutional ramifications associated with an improper conviction under General Statutes § 53-202k. See *Vivo* v. *Commissioner of Correction*, 90 Conn. App. 167, 177 n.3, 876 A.2d 1216, cert. denied, 275 Conn. 925, 883 A.2d 1253 (2005).