STATE OF CONNECTICUT *v.* ROBERT GREEN
(AC 27824)

Bishop, DiPentima and West, Js.

Argued October 10—officially released December 25, 2007

*Mary Beattie Schairer*, special public defender, for the appellant (defendant).

*Kathryn Ward Bare*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, former state's attorney, and *Edward R. Narus*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Robert Green, appeals from the judgment of the trial court rendered following the denial of his motion to withdraw his guilty pleas, entered pursuant to the doctrine of *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970),[1] to sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), risk of injury to a child in violation of General Statutes § 53-21 (a) (2) and larceny in the first degree in violation of General Statutes § 53a-122 (a) (4). On appeal, the defendant claims that the court (1) abused its discretion in denying his motion for a continuance to obtain private counsel and (2) improperly denied his motion to withdraw his guilty pleas because they were not entered into knowingly, intelligently and voluntarily. We affirm the judgments of the trial court.

The following factual and procedural history is pertinent to our resolution of the defendant's appeal. On October 14, 2004, the defendant was charged with one count of larceny in the first degree. On October 15, 2004, he was charged under a separate docket number with two counts of sexual assault in the first degree

---

[1] "Under *North Carolina* v. *Alford*, [supra, 400 U.S. 25], a criminal defendant is not required to admit his guilt, but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 204–205, 842 A.2d 567 (2004).

and one count of risk of injury to a child. On November 16, 2004, a public defender was appointed to represent the defendant, and the defendant entered pro forma not guilty pleas to all of the charges.

On November 16, 2005, in exchange for his guilty pleas, the state offered the defendant the mandatory minimum sentence of ten years incarceration and ten years special parole. Between November 16, 2005, and February 22, 2006, the court granted the defendant three continuances to consider the state's offer. On February 22, 2006, the defendant requested another continuance in order to obtain private counsel. Noting the previous continuances, the court indicated that the defendant had been afforded plenty of time to obtain private counsel and denied the request. That same day, the defendant pleaded guilty under the *Alford* doctrine to one count of sexual assault in the first degree, one count of risk of injury to a child and one count of larceny in the first degree.

Thereafter, on March 10, 2006, the day on which the defendant was scheduled to be sentenced, the defendant orally moved to withdraw his guilty pleas. The court continued the matter to obtain a copy of the plea proceeding and to afford the defendant the opportunity to file a written motion to withdraw his guilty pleas, which he did on May 9, 2006. On May 11, 2006, the court heard argument on the motion. The defendant claimed that his pleas were not knowingly, intelligently and voluntarily entered into because he was nervous, upset and not thinking clearly during the plea proceedings. The court denied the defendant's motion to withdraw and sentenced the defendant to a total effective sentence of ten years of incarceration plus five years of special parole. This appeal followed.

I

The defendant first claims that the court abused its discretion in denying his motion for a continuance to obtain private counsel. We disagree.

"[T]he determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. . . . A reviewing court is bound by the principle that [e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made. . . . To prove an abuse of discretion, an appellant must show that the trial court's denial of a request for a continuance was arbitrary. . . . There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. . . . In addition, we consistently have acknowledged that [o]ur role as an appellate court is not to substitute our judgment for that of a trial court that has chosen one of many reasonable alternatives." (Citation omitted; internal quotation marks omitted.) *State* v. *Rivera*, 268 Conn. 351, 378, 844 A.2d 191 (2004).

Here, as noted, the defendant was arrested in September, 2004, and was appointed a public defender in November, 2004. He was offered a plea agreement in both cases on November 16, 2005, and requested, and was granted, three continuances in order to decide whether to accept or reject the state's offer. When the defendant requested a further continuance on February 22, 2006, the court denied that request in light of the three continuances previously granted and the amount of time that the defendant already had to consider the plea offers and to obtain private counsel. On the basis of these sound reasons for denying the defendant's motion for a continuance, we cannot conclude that the court abused its discretion.

## II

The defendant also claims that the court improperly denied his motion to withdraw his guilty pleas because

his pleas were not knowing, intelligent and voluntary in that he did not understand the proceedings and was not adequately canvassed on the larceny charge. We are unpersuaded.

"Practice Book § [39-27] specifies circumstances under which a defendant may withdraw a guilty plea after it has been entered. [O]nce entered, a guilty plea cannot be withdrawn except by leave of the court, within its sound discretion, and a denial thereof is reversible only if it appears that there has been an abuse of discretion. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty." (Internal quotation marks omitted.) *State* v. *Sutton*, 95 Conn. App. 139, 145, 895 A.2d 805, cert. denied, 278 Conn. 920, 901 A.2d 45 (2006).

"In order for a plea to be valid, the record must affirmatively disclose that the defendant understands the nature of the charge upon which the plea is entered . . . the mandatory minimum sentence, if any . . . the fact that a statute does not permit the sentence to be suspended . . . the maximum possible sentence . . . and that the defendant has the right to plead not guilty or to persist in that plea if already made, the right to a trial by a jury or judge, the right to assistance of counsel, the right to confront the defendant's accusers and the right against compelled self-incrimination. . . . The record must further disclose that the plea is voluntary and not the result of threats or promises." (Internal quotation marks omitted.) *State* v. *Samuel*, 94 Conn. App. 715, 718–19, 894 A.2d 363, cert. denied, 278 Conn. 911, 899 A.2d 39 (2006).

The defendant contends that his pleas were involuntary because he was nervous and upset and was not thinking clearly during the plea proceedings. Specifically, the defendant claims that in denying his motion for a continuance, the court stated that it was too late

to get private counsel but that he could get private counsel if he went to trial. The defendant claims that because he is a "slow learner" with only a ninth grade education, he understood the court's statement to mean that he could not go to trial, and he was, therefore, upset and nervous and did not enter his pleas knowingly, intelligently and voluntarily.

The record discloses that during the plea proceeding, the court carefully and thoroughly reviewed with the defendant all of the rights that he was waiving by not going to trial and accepting the pleas. While reviewing the defendant's rights, the court also indicated that it was not in a rush and wanted to be certain that the defendant understood the proceedings and that if he had any questions, he could interrupt or speak to his attorney at any time. The court asked the defendant twice if he had sufficient time to discuss matters with his attorney, and the defendant answered affirmatively. The court asked the defendant if he had any questions at all about any aspect of the proceedings, and the defendant indicated that he did not. On the basis of our review of the record, there is no indication that the defendant did not comprehend the nature of the plea proceedings or the rights that he was waiving.

The defendant also claims that because the court did not canvass him on the essential elements of the larceny charge, he did not understand the elements of that charge, and, accordingly, his plea should be vacated. Although the court did not explain the elements of the larceny charge to the defendant, his attorney indicated that he had explained to the defendant all of the elements of all of the charges that the state was required to prove. The defendant confirmed his attorney's representation and stated that he was satisfied with his attorney's advice. "[E]ven without an express statement by the court of the elements of the crimes charged, it is appropriate to presume that in most cases defense

counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." (Internal quotation marks omitted.) *State* v. *Reid*, 277 Conn. 764, 783, 894 A.2d 963 (2006). Accordingly, we conclude that on the basis of the record in the present case, the defendant was sufficiently apprised of the elements of larceny and the facts on which the state's case was based. We therefore find no disagreement with the court's conclusion that the defendant's pleas were voluntary and knowing.

The judgments are affirmed.

In this opinion the other judges concurred.