STATE OF CONNECTICUT *v.* FRANKLYN E. ADAMS
(AC 29404)

Lavine, Beach and McDonald, Js.

Argued March 20—officially released November 3, 2009

*Franklyn E. Adams*, pro se, the appellant (defendant).

*Paul J. Narducci*, senior assistant state's attorney, with whom, on the brief, was *Michael L. Regan*, state's attorney, for the appellee (state).

*Opinion*

LAVINE, J. The pro se defendant, Franklyn E. Adams, appeals from the judgment of the trial court denying his "motion to open [the] judgment for [the] return of arrested or seized property . . . ."[1] The defendant claims that the court improperly failed to return property that was seized from him in criminal docket number CR-05-0284632-S, a case in which a nolle prosequi was entered pursuant to a plea agreement involving a total of six cases against the defendant. We decline to review the defendant's claim because the record is inadequate for our review, as the defendant failed to seek an articulation of the court's ruling; see *State* v. *Bonner*, 290 Conn. 468, 493, 964 A.2d 73 (2009) ("[w]ithout the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative" [internal quotation marks omitted]); and because the claim is inadequately briefed. See *State* v. *Glenn*, 97 Conn. App. 719, 737 n.17, 906 A.2d 705 (2006) ("[w]here the parties cite no law and provide no analysis of their claims, we do not review such claims" [internal quotation marks omitted]), cert. denied, 281 Conn. 913, 916

---

[1] The defendant sought the return of $2744 and two cellular telephones.

A.2d 55 (2007). The judgment of the trial court is affirmed.

From the procedural history contained in the state's brief, the transcripts of various proceedings in the trial court[2] and the court file,[3] we adduce the following procedural history. On May 23, 2007, the defendant pleaded guilty, pursuant to the *Alford* doctrine,[4] to possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a) in criminal docket number CR-06-0287205-T and breach of the peace in the second degree in violation of General Statutes § 53a-181 in criminal docket number CR-05-0284628-S. At the time the defendant entered his plea, he had pending against him four other criminal cases,[5] including criminal docket

---

[2] The defendant first filed a statement pursuant to Practice Book § 63-4 (a) (3) indicating that no transcripts will be necessary for this appeal. On December 5, 2008, the defendant filed a motion asking this court to take judicial notice of the transcripts dated May 23, August 22 and September 21, 2007, among other things. This court granted the defendant's motion to take judicial notice of the transcripts. The state has included those transcripts in the appendix to its brief.

[3] Appellate courts may take judicial notice of files of the trial court in the same or other cases. See *McCarthy* v. *Commissioner of Correction*, 217 Conn. 568, 580 n.15, 587 A.2d 116 (1991).

[4] See *North Carolina* v. *Alford*, 400 U.S. 25, 35, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[5] In docket number CR-06-0287206-T, the defendant was charged with, among other things, sale of a narcotic substance by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b).

In docket number CR-06-0287207-T, the defendant was charged with, among other things, sale of a narcotic substance by a person who is not drug-dependent in violation of § 21a-278 (b).

In docket number CR-06-0286552-S, the defendant was charged with assault in the third degree in violation of General Statutes § 53a-61 and criminal violation of a protective order in violation of General Statutes § 53a-223.

In docket number CR-05-0284632-S, the defendant was charged with possession of narcotics in violation of General Statutes § 21a-279 (a), attempt to possess a controlled substance in violation of General Statutes §§ 53a-49 and 21a-279 (c), possession of a controlled substance in violation of § 21a-279 (c) and criminal impersonation in violation of General Statutes § 53a-130.

number CR-05-0284632-S.[6] The state agreed to a nolle prosequi of the other charges pending against the defendant. The court continued the matter for sentencing.

On August 22, 2007, the defendant appeared before the court for sentencing. Prior to sentencing, the court addressed the defendant, stating in relevant part: "Mr. Adams, in my coming to a conclusion today about what an appropriate sentence should be, I have looked at your record, and I am aware of your record and have been aware of your record during the pendency of this case. You have a number of prior drug convictions: 1995, possession of narcotics; 1996, sale of narcotics; 2000, sale of narcotics. And also a possession of marijuana from South Carolina in 2000. And you come back to the court today, you have six pending cases, *a number of those also involve drug cases*. So, seriously, there is no question in this court's mind that you have a considerable drug problem." (Emphasis added.) The court then sentenced the defendant to concurrent terms of imprisonment for a total effective sentence of sixty-one months in the custody of the commissioner of correction, followed by five years of special parole. The prosecutor entered a nolle prosequi as to the charges in the four other cases pending against the defendant, including criminal docket number CR-05-0284632-S, and ordered the defendant to forfeit the moneys and contraband seized in all of the cases. The defendant's special public defender, Matthew Berger, questioned the court's authority to order a forfeiture of moneys seized in the cases that were nolled. The court stated that it had the authority to do so.[7]

---

[6] The inventory of property seized in docket number CR-05-0284632-S states that the following property was seized: "1. clear zip-lock bag containing green plant like substance 2. photo ID # 011477789, Adams, Brimage 3. $2,744 US currency."

[7] The following colloquy took place between the court and defense counsel:

"[Defense Counsel]: I think in the cases where he entered the *Alford* plea, forfeiture is routine. In the nolle files, I would contest the state's authority to forfeit money on a nolle charge.

At the time of sentencing, the defendant was enrolled in a graduate equivalency diploma program at the correctional institution where he was then incarcerated. To permit the defendant to complete that program, the court stayed the sentence until September 17, 2007. On September 17, 2007, the then pro se defendant filed a "motion to open [the] judgment for [the] return of arrested or seized property . . . ." After hearing arguments on the motion on September 21, 2007, the court stated to the defendant: "Now, if your understanding [at the time you pleaded guilty] was that you were going to get that money back and no one instructed you about that, then I am going to let you withdraw your plea and have a trial on these cases. That is your option. Otherwise, I am simply going to lift the stay today, sir, impose the sentence and assume that all money seized has been forfeited. If that is not what you want to do, then you can withdraw your plea and have a trial, and I will not impose sentence today."

In response, the defendant stated, "No, I'm not withdrawing nothing because I don't understand anything. The state only asked me for the $724 that I had. We made that agreement on May 22 or 23, when I was here; that was it." The court stated that that was not its understanding of the plea agreement. The defendant then asked to speak with his special public defender, and the court passed the matter.

When the matter was taken up again, the court stated to the defendant: "We have had numerous discussions

"The Court: What do we have for inventory in these files?

"[The Clerk]: Two thousand seven hundred and forty-four dollars in [CR-05-0284632-S], one of the files to be nolled. And the other is $724 that is on docket [number CR-0287205-T].

"The Court: All right. I hear you, [counsel], but all moneys are forfeited to the state of Connecticut. And I do believe the court has the authority to do that, and I am doing so. Any money that is ever seized in any cases involving drugs or any combination of cases on which the defendant is sentenced, all money is forfeited; and that is where the money is going."

on the matter, Mr. Adams. It is—first of all, I am going to lift the stay today on the sentence that originally was effectuated on August 22, 2007. The stay is lifted, the sentence is imposed. At the time you pleaded and I imposed the sentence, prior to my staying it, I indicated that moneys would be forfeited. That is still this court's position. If you take issue with that, you can certainly file an appeal. I would indicate to you that that is a civil matter, not a criminal matter, because it involves forfeiture of moneys."[8] The defendant appealed from the denial of his motion to open the judgment.

On appeal, we construe the defendant's claim to be that the court improperly ordered him to forfeit $2744 and two cellular telephones that were seized during his arrest that led to the charges filed in criminal docket number CR-05-0284632-S.[9] He argues that the court abused its discretion pursuant to *State* v. *Rivers*, 283 Conn. 713, 726, 931 A.2d 185 (2007) (state's duty to ensure plea agreement is clear), and Practice Book § 17-4.[10] The defendant failed, however, to set forth the relevant facts and analyze them pursuant to *Rivers*. Moreover, to the extent that the September 21, 2007 transcript, of which we took judicial notice as requested by the defendant, indicates that the court offered the defendant the option to withdraw his plea and proceed to trial, the defendant has not explained how the court abused its discretion pursuant to *Rivers*.

In *Rivers*, the plea bargain was conditioned on the defendant's cooperating in the case against another

---

[8] Later in the proceeding, the court informed the defendant that he had civil remedies if he wanted to pursue them. The defendant failed to file a motion for articulation of the legal basis of the court's statement that forfeiture of moneys is a civil matter. See Practice Book § 66-5.

[9] The form of the defendant's three page brief barely meets the requirements of chapter 67 of the Practice Book, which sets forth the requirements for appellate briefs. The brief contains a background, argument and conclusion written in five single-spaced paragraphs.

[10] Practice Book § 17-4 concerns the setting aside of judgments in civil actions.

accused. Id., 717–18. The defendant gave a statement to the police and testified at a preliminary hearing, but exercised his constitutional right against self-incrimination at the other accused's trial. Id., 718–19. The state argued that the defendant failed to cooperate as required by his plea agreement; id., 719; and the trial court agreed. Id., 722. The defendant was tried, found guilty and sentenced more harshly than he would have been had he complied with his plea bargain. Id., 723. On appeal, our Supreme Court held that on the facts, the defendant had cooperated, that the plea agreement did not expressly require the defendant to testify at trial and any ambiguity in the agreement should be construed against the state. Id., 725–29. Because the defendant had performed his part of the agreement, specific performance was the only equitable remedy. Our Supreme Court ordered the sentence contemplated by the plea imposed. Id., 732–34.

The plea bargain at issue before us is different; it contained no executory provisions and no party to the agreement had performed. The court indicated that it would impose the agreed on sentence. If the defendant no longer wanted to accept the plea bargain to which he had agreed, the remedy was to withdraw his plea, as the court offered. The defendant rejected the option to withdraw his plea.

Alternatively, on August 22, 2007, the court stated that it had the authority to order the defendant to forfeit all moneys and contraband seized in all of the cases. The defendant has failed to seek an articulation of the legal and factual basis for that statement. See Practice Book § 66-5. Our Supreme Court has stated that appellate courts "are not required to review issues that have been improperly presented . . . through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation

marks omitted.) *State* v. *Colon*, 272 Conn. 106, 153 n.19, 864 A.2d 666 (2004), cert. denied, 546 U.S. 848, 126 S. Ct. 102, 163 L. Ed. 2d 116 (2005). "[F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Internal quotation marks omitted.) *State* v. *John G.*, 100 Conn. App. 354, 356 n.2, 918 A.2d 986, cert. denied, 283 Conn. 902, 926 A.2d 670 (2007). Moreover, "[i]t is incumbent upon the [defendant] to take the necessary steps to sustain [his] burden of providing an adequate record for appellate review. . . . Our role is not to guess at possibilities . . . but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative." (Internal quotation marks omitted.) *State* v. *Brunetti*, 279 Conn. 39, 63, 901 A.2d 1 (2006), cert. denied, 549 U.S. 1212, 127 S. Ct. 1328, 167 L. Ed. 2d 85 (2007).

"The general purpose of [the] rules of practice and their interplay is to ensure that there is a trial court record that is adequate for an informed appellate review of the various claims presented by the parties. . . . One specific purpose of a motion for articulation of the factual basis of a trial court's decision is to clarify an ambiguity or incompleteness in the legal reasoning of the trial court in reaching its decision." (Internal quotation marks omitted.) *State* v. *Breton*, 264 Conn. 327, 394, 824 A.2d 778, cert. denied, 540 U.S. 1055, 124 S. Ct. 819, 157 L. Ed. 2d 708 (2003). Litigants "cannot wholly ignore established procedures for the protection

of [their] rights . . . and hope to receive on appeal the same treatment accorded to those who follow the rules of practice." *Seal Auto, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 518, 508 A.2d 415 (1986).

In one sentence of his brief, the defendant states that the court refused to grant his motion to open the judgment for the return of his property for its "own personal reasons." In this regard, the defendant's bald assertion is not only inadequately briefed, but the record also is inadequate for our review. Again, the transcript of the September 21, 2007 hearing reflects that the court was of the mind that it had the authority to order the moneys and cellular telephones forfeited and that the defendant could seek the return of the property pursuant to civil remedy. The record does not contain either the court's explicit factual findings or the specific legal basis for its ruling. The defendant failed to seek an articulation. See Practice Book § 66-5.

We are aware that "[i]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law. . . .

"The duty to provide this court with a record adequate for review rests with the appellant. . . . It is incumbent upon the appellant to take the necessary step to sustain its burden of providing an adequate record for appellate review. [Practice Book § 60-5.] . . . It is not the function of this court to find facts. . . . Our role is . . . to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial

court, any decision made by us respecting the defendant's claims would be entirely speculative." (Citations omitted; internal quotation marks omitted.) *State* v. *Cotto*, 111 Conn. App. 818, 820–21, 960 A.2d 1113 (2008).[11] Several months ago, our Supreme Court restated the need for appellants to provide an adequate record for our review as required by Practice Book § 61-10 and the reasons therefor. See *State* v. *Bonner*, supra, 290 Conn. 493. In this appeal, the record is inadequate for our review.[12]

The judgment is affirmed.

In this opinion BEACH, J., concurred.

MCDONALD, J., dissenting. I do not agree with the majority that the defendant, Franklyn E. Adams, did not present an adequate record to review his claim that

[11] In its ruling, the court implied that it had authority to order the forfeiture of moneys seized. Although it may be implicit in the court's remarks that it found a nexus between the moneys and the crimes with which the defendant had been charged, we are unwilling to speculate to that effect.

In the recent case of *State* v. *Garcia*, 108 Conn. App. 533, 550–55, 949 A.2d 499, cert. denied, 289 Conn. 916, 957 A.2d 880 (2008), this court addressed the forfeiture of moneys seized along with contraband and the statutes that pertained to such forfeitures. *Garcia*, decided subsequent to the facts here, concluded that General Statutes § 54-36a (c) "empowers courts presiding over criminal actions to dispose of contraband, including currency linked to illegal drug transactions, provided that a nexus exists between the contraband and the crimes charged." *State* v. *Garcia*, supra, 554–55.

Whether the court in the case before us now was referring to § 54-36a (c) or some other statute when it ordered the forfeiture of the $2744, we do not know. The defendant should have requested an articulation of the court's factual findings.

[12] The dissent suggests that the record is adequate for our review because the transcripts make clear the basis of the defendant's claim. Whether his claim is clear is not the point, given the absence of an articulation by the trial court as to the factual and legal basis for its stating that it had the authority to order all moneys in all files forfeited. The defendant's brief is inadequate, in part, because the defendant does not know the law and specific facts on which the court relied to challenge the ruling in a well reasoned analysis.

the sum of $2744 was improperly taken from him after plea bargaining. As the majority notes, the defendant asked this court to take judicial notice of the official transcripts of the statement of the plea bargain and his *Alford*[1] plea of May 23, 2007, of his sentencing on August 22, 2007, and of the court's ruling on his motion to open the judgment for the return of property on September 21, 2007, and this court agreed. In *State* v. *Samuel*, 94 Conn. App. 715, 718 n.4, 894 A.2d 363, cert. denied, 278 Conn. 911, 899 A.2d 39 (2006), this court found the transcript of a plea canvass adequate to review the sufficiency of the canvass, an issue similar to the issue in this case.

The majority faults the defendant for failing to seek articulation of the court's rationale for ordering the forfeiture of the $2744. The record, to the contrary, shows that the court in doing so stated on the record that it had indicated at the time of the defendant's plea and the imposition of sentence that moneys would be forfeited and that that still was the court's position.

The plea bargain as presented by the state on the record on May 23, 2007, did not provide that any moneys were to be forfeited to the state. In presenting the facts concerning the defendant's plea, the only money the state referred to was the sum of $724 seized when the defendant was arrested on the charges to which he was pleading guilty. The record also did not reflect that the state stated that it agreed to nolle four other charges pending against the defendant. After the defendant's plea was accepted, the court inquired about whether the $724 seized was to be forfeited, and the defendant's counsel stated that that was what the state "has maintained." The court then stated that it wanted "to make sure we understand that and that doesn't become a hangup later."

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 35, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

On August 22, 2007, after sentence was imposed and stayed at the defendant's request, the state entered nolles of the other pending charges against the defendant. The state then asked that the moneys seized be forfeited. The defendant's counsel stated, as to the cases in which the defendant entered the *Alford* plea, that forfeiture is "routine," but counsel contested "the state's authority to forfeit money on a nolle charge." The court then asked the clerk for the "inventory" of the files, and the clerk replied that there was $2744 in one of the nolled files and $724 in another docket. The court then ordered that all moneys be forfeited to the state.

Thereafter, the defendant filed a motion to open the judgment, requesting, inter alia, the return of the $2744. On September 21, 2007, with respect to that motion, the court stated that it was the court's recollection that moneys were to be forfeited and that the motion questioned forfeiture as to money seized in nolled cases. The court stated that if the defendant understood differently, he could withdraw his plea and have a trial, otherwise the court would lift the stay and assume that all moneys seized had been forfeited. The defendant told the court that he was not withdrawing anything and that he had agreed only to the forfeiture of the $724. The court stated that that was not the agreement. After a recess, the court lifted the stay and stated that the moneys would be forfeited. The court stated that at the time of the plea and imposition of sentence, the court had indicated that the moneys would be forfeited and that that was still the court's position. The court added that if the defendant took issue with that, he could file an appeal.

The state then erroneously stated to the court that it believed the forfeiture of all moneys in the defendant's

nolled case was on the record at the time of the defendant's guilty plea. The court thereafter denied the defendant's motion to open the judgment for the return of the $2744.

The defendant is an unrepresented prisoner who was given a stay of execution of his sentence to obtain his high school diploma. On appeal, the defendant's pro se brief argues, albeit in rough form, that the court abused its discretion and ordered the $2744 forfeited without following the procedure under General Statutes § 54-33g, which governs seizure of property and in rem actions. Section 54-33g sets forth the procedure by way of summons and a hearing in which the state must prove the allegations that the property was used to commit a criminal offense. During oral argument before us, the state conceded that the in rem procedure had not been followed as to the $2744.

The defendant's brief claims that the trial court abused its discretion in acting as it did, citing *State* v. *Rivers*, 283 Conn. 713, 931 A.2d 185 (2007). Our Supreme Court in *Rivers* held that the terms of the plea bargain should be stated clearly and unambiguously so that the defendant in assenting to waive certain rights knows what is expected of him and what he can expect in return. The Supreme Court further stated in *Rivers* that any ambiguous language must be construed against the state. In this case, the forfeiture of the $2744 was not put on the record as part of the plea bargain, and the court explicitly stated at the time of the plea that the sum of $744 was to be forfeited. Applying *Rivers*, I would conclude that the plea bargain was not kept.

In *Rivers*, our Supreme Court also discussed a remedy for the state's failure to honor a plea bargain. The court cited authority that either an opportunity to withdraw a guilty plea or specific performance of a plea bargain is to be offered. In its discussion, the court

cited authority that specific performance is preferred. It also alluded to Justice Douglas' concurrence in *Santobello* v. *New York*, 404 U.S. 257, 267, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), which stated that a defendant's preference is to be accorded considerable, if not controlling, weight.

In this case, the state received the benefit of its bargain with the defendant in the defendant's waiver of a trial and his guilty plea. A sentence within the limits agreed on was then imposed but the forfeiture of the $2744 was added. The court's offer to allow the defendant to withdraw his plea could not place him in the same position as the offer he had accepted and on which he had pleaded guilty. The majority states that if the defendant no longer wanted to accept the plea bargain to which he had agreed, the remedy was to withdraw his plea, as the court offered. The defendant, on the record, however, did not agree at any time to the forfeiture of the $2744, and the state's attorney and the court mistakenly disregarded the record plea bargain, which reflected the forfeiture of only the $724.

*Santobello* v. *New York*, supra, 404 U.S. 260–61, recognizes, as has our Connecticut court system; see *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 153–54, 662 A.2d 718 (1995); that plea bargaining is an integral part of our criminal justice system. Bargains struck on the record must be adhered to by the state if plea bargaining is to continue. Because the court did not require the state to present evidence that the $2744 represented the means or proceeds of illegal activities,[2]

---

[2] The majority refers to *State* v. *Garcia*, 108 Conn. App. 533, 550–55, 949 A.2d 499, cert. denied, 289 Conn. 916, 957 A.2d 880 (2008), which was released after the proceedings in this case, as a possible basis of the court's order of forfeiture. *Garcia*, however, involved a forfeiture after a trial in which the court heard evidence that there was a nexus between the moneys seized and illegal narcotics trafficking and made such a finding. There was no evidence heard by the court in this case on which to make such a finding and no such finding was made.

and absent a waiver of such a hearing by the defendant, I would reverse the order forfeiting the $2744.

I respectfully dissent.