## MEREDITH KEATING *v.* MARK FERRANDINO
## (AC 31731)

Gruendel, Beach and Bear, Js.

Submitted on briefs October 15—officially released December 21, 2010

 

*Mark Ferrandino*, pro se, the appellant (defendant), filed a brief.

*Meredith Keating*, pro se, the appellee (plaintiff), filed a brief.

*Opinion*

PER CURIAM. The defendant, Mark Ferrandino, appeals from the judgment of the trial court granting his motion to modify child support payments to be made to the plaintiff, Meredith Keating. On appeal, the defendant claims, as well as we can discern, that in determining his child support obligations the court erred in (1) applying the child support guidelines, (2) failing to take into account his children from a previous marriage, (3) assessing the parties' available net income and (4) failing to consider the plaintiff's earning capacity. Because the defendant's brief is inadequate, we decline to review his claims. Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On August 16, 2002, the parties, who were never married to each other, had their only child together. In March, 2006, the plaintiff filed the present action against the defendant seeking custody of their child, child support, a judicial determination that the defendant is the father of the child[1] and attorney's fees. On July 24, 2007, the parties entered into a stipulation regarding custody of and parental access to their child. On December 20, 2007, the court issued a memorandum of decision in which it found that the defendant was a self-employed contractor with an earning capacity in excess of $88,000

---

[1] The court made a judicial determination that the defendant is the biological father of the child.

per year and that the plaintiff was unemployed. The court also found that the defendant was paying child support for two children of a marriage that predated the relationship of the parties. The court thus ordered the defendant to pay the plaintiff $400 per week in child support and 50 percent of the child's unreimbursed medical and dental expenses.

On March 25, 2008, the defendant filed a motion to open or to set aside the court's December 20, 2007 judgment. On August 28, 2008, the court issued a memorandum of decision modifying its child support order to require that the defendant pay the plaintiff $125 per week retroactive to December 20, 2007.[2] On June 25, 2009, the defendant filed a motion to modify the child support order. Finding a substantial change in circumstances, the court, on October 28, 2009, issued a memorandum of decision further modifying its child support order to require the defendant to pay the plaintiff $90 per week, to continue providing health insurance for the child and to pay 55 percent of the child's unreimbursed medical and dental expenses. This appeal followed.

It is well settled that "[w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the rela-

---

[2] The court determined that it erred in issuing its December 20, 2007 child support order because it failed to take into account the parties' shared custody arrangement.

tionship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Paoletta* v. *Anchor Reef Club at Branford, LLC,* 123 Conn. App. 402, 406, 1 A.3d 1238, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010).

We begin by noting that the defendant's brief does not comport with the rules of appellate procedure. Practice Book § 67-4 prescribes the requirements to be included in the appellant's brief. Most of these requirements are lacking in the brief in question. Additionally, the defendant's brief is substantively deficient. While "[w]e are aware that [i]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party"; (internal quotation marks omitted) *State* v. *Adams,* 117 Conn. App. 747, 755, 982 A.2d 187 (2009); we are also aware that "[a]lthough we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) Id. Furthermore, it is axiomatic that this court may not act as an advocate for any party. *State* v. *Tocco,* 120 Conn. App. 768, 786, 993 A.2d 989, cert. denied, 297 Conn. 917, 996 A.2d 279 (2010). Accordingly, we decline to review the defendant's claims.

The judgment is affirmed.