## MARIANNE HOWATSON *v.* RICHARD FRIEDBERG
### (AC 32886)

Lavine, Espinosa and West, Js.

Argued March 14—officially released April 24, 2012

*Richard Friedberg*, pro se, the appellant (defendant).

*Gary I. Cohen*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The self-represented defendant, Richard Friedberg, appeals from the judgment of the trial court dissolving his marriage to the plaintiff, Marianne Howatson. At points in his brief, the defendant asserts that the court abused its discretion, the evidence does not support the court's financial awards and the court was biased against him. The defendant, however, provided no legal analysis to support those assertions. We therefore deem any claim the defendant sought to present to this court abandoned. See *Duve* v. *Duve*, 25 Conn. App. 262, 264, 594 A.2d 473 ("claim was neither factually developed, nor supported by case citations"),

cert. denied, 220 Conn. 911, 597 A.2d 332 (1991), cert. denied, 502 U.S. 1114, 112 S. Ct. 1224, 117 L. Ed. 2d 460 (1992).

"[T]he right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) Id. It is well settled that appellate courts "are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed." (Internal quotation marks omitted.) *Keating* v. *Ferrandino*, 125 Conn. App. 601, 603, 10 A.3d 59 (2010).

The judgment is affirmed.