******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* MAXINE THORNE
(AC 43120)

Bright, C. J., and Elgo and Alexander, Js.

*Syllabus*

Convicted, after a jury trial, of six counts of the crime of wilful failure to pay sales tax, the defendant appealed to this court. *Held*:

1. There was insufficient evidence to support the defendant's conviction of wilful failure to pay sales tax as charged in count four of the operative information, the state having presented no evidence that the defendant failed to pay the sales tax allegedly due on the date specified in that count.

2. There was sufficient evidence to support the defendant's conviction of wilful failure to pay sales tax as charged in the remaining counts of the operative information: the state presented sufficient evidence by which the jury could have found beyond a reasonable doubt that the defendant, as the person responsible to pay sales tax for her husband's sole proprietorship, was a person who was required by law to pay sale taxes and that she wilfully failed to do so; moreover, although the information technically charged that the defendant wilfully failed to pay sales tax as the owner of a different business entity, the name of the business entity was not an essential element of the crime, the evidence proved that the defendant wilfully failed to pay sales tax that was owed for the sole proprietorship, and the defendant made no claim of variance at trial, did not object to the admissibility of the evidence regarding the sole proprietorship on the ground of variance and did not claim that she was prejudiced in her defense and that substantial injustice had been done because of the language in the information.

3. The defendant could not prevail on her unpreserved claim that the trial court misled the jury by giving an improper jury instruction that diluted the state's burden of proof and weakened her presumption of innocence; the defendant conceded that she waived her claim, and, contrary to her contention, her conviction did not warrant reversal under the plain error doctrine, as she failed to carry her burden of demonstrating that the court's instruction misled the jury and affected the fairness and integrity of and public confidence in the proceeding.

Argued February 8—officially released May 4, 2021

*Procedural History*

Substitute information charging the defendant with six counts of the crime of wilful failure to pay sales tax, brought to the Superior Court in the judicial district of Hartford and tried to the jury before *Baio, J.*; verdict and judgment of guilty, from which the defendant appealed to this court. *Affirmed in part; reversed in part; judgment directed.*

*Raymond L. Durelli*, assigned counsel, for the appellant (defendant).

*Linda F. Currie*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, executive assistant state's attorney, and *Mirella Giambalvo*, senior assistant state's attorney, for the appellee (state).

*Opinion*

ALEXANDER, J. The defendant, Maxine Thorne,[1] appeals from the judgment of conviction, rendered after a jury trial, of six counts of wilful failure to pay sales tax in violation of General Statutes § 12-428 (1). On appeal, the defendant claims that (1) there was insufficient evidence to support her conviction and (2) the trial court's jury instruction substantially misled the jury. We reverse in part and affirm in part the judgment of the trial court.

The jury reasonably could have found the following facts on the basis of the evidence presented at trial. In October, 1999, Robert C. Thorne, the defendant's husband (husband), applied to the Department of Revenue Services (department) for a tax registration number for his tree work and landscaping business as a sole proprietorship. Sometime later, the defendant filed an application for the organization of a domestic limited liability company known as Bob Thorne Tree & Landscaping, LLC, with the Secretary of the State and registered the LLC with the department. The defendant, however, did not register the LLC for sales tax remittance as required. The sole proprietorship and the LLC were being operated simultaneously. Andrea Closson, a department tax enforcement special agent, testified, on the basis of her training and experience, that a new registration for sales tax remittance often is not filed to avoid § 12-428 (1) responsibilities[2] and to avoid paying taxes.

In March, 2012, the defendant and her husband opened a business checking account at Wells Fargo Bank, N.A. (Wells Fargo). The couple completed a four page application, stating that the name on the account was "Robert Thorne [doing business as] Bob Thorne Tree & Landscaping," the name of the business was "Bob Thorne Tree & Landscaping," the type of business was "[s]ole [p]roprietor," and the date the business originally was established was May 8, 2008. The defendant and her husband were the authorized signatories on the account, and their signatures appear on the application. The husband was listed as the "[o]wner/[k]ey [i]ndividual." Thereafter, the defendant entered information pertaining to the Wells Fargo account into the department's taxpayer service center account that she had created for the sole proprietorship. The tax payments that were made to the department were drawn on checks from the Wells Fargo account.[3]

On or about April 16, 2016, the defendant filed five untimely sales and use tax returns with the department, identifying the business entity as "Robert Thorne." She signed the returns as the owner. The documents filed by the defendant identified five periods for which sales tax was owed,[4] but the department never received payment of the taxes.

In January, 2017, Closson was assigned to investigate the sole proprietorship of Robert Thorne. During her investigation, Closson reviewed multiple sales tax returns that the defendant had signed as the owner of the business known as "Robert Thorne." On October 3, 2017, Closson and David Stephens, a department tax enforcement special agent, visited the defendant and her husband at their home. At that time, Closson asked the couple who was responsible for paying taxes on behalf of the business. The defendant's husband pointed to the defendant and stated, "She is." The defendant remained silent but did not deny her husband's representation. The defendant stated to Closson and Stephens that her husband's original business was closed and that she had registered a new business entity called Bob Thorne Tree & Landscaping, LLC, with the department.

On the basis of her subsequent investigation, Closson determined that the original business had never been closed and that the new business called Bob Thorne Tree & Landscaping, LLC, was not registered with the department to pay sales tax. Closson consulted the website for the department taxpayer service center and learned that the defendant was the administrator for the business known as "Robert C. Thorne." The website also contained information regarding the Wells Fargo account. Closson subpoenaed the financial records for the Wells Fargo account. Pursuant to her investigation, Closson concluded that the defendant was the person responsible for paying the sales tax for the business known as Robert C. Thorne.

On or about March 1, 2018, the defendant was arrested pursuant to a warrant. In a six count, amended long form information (information), the state accused the defendant of wilfully having failed to pay state sales tax for six periods in 2015 in violation of § 12-428 (1).[5] The charges against the defendant were tried to a jury in April, 2019. During the trial, Stephens testified that the person responsible for paying state sales tax "is any individual who has a duty and is required by law to file Connecticut tax returns and pay the tax due," somebody who is financially responsible for the business and who acts like a registered owner in the business. Closson testified that she had determined that the defendant was the financially responsible party for the business Bob Thorne Tree & Landscaping, LLC, and for the sole proprietorship of Robert Thorne. She made that determination on the basis of statements made by the defendant's husband and the defendant's having signed the Wells Fargo checks sent to the department. The defendant also had signed the sales tax returns as owner, and she is named the administrator on the taxpayer service center account.

In its closing argument, the state argued that the case was about the defendant's "trying to get out of paying

sales taxes for the business Bob Thorne Tree & Landscaping." The state urged the jury to find that the defendant was the person responsible for paying sales tax for her husband's business and that she had failed to do so. In her closing argument, the defendant stated that she was not "responsible for anything" and that "no one was there to verify it was actually even [her] signature." The jury found the defendant guilty of each of the six counts of wilful failure to pay sales tax as charged.

On May 6, 2019, the court sentenced the defendant on each of the six counts to four months of incarceration, execution suspended, and two years of probation. The four month sentences were to be served consecutively for a total effective sentence of two years of incarceration, execution suspended, followed by two years of probation. As a special condition of probation, the court ordered the defendant to make restitution in the amount of $4221 within the first fifteen months of probation. Following sentencing, the defendant appealed.

I

The defendant first claims that the state presented insufficient evidence to support her conviction of wilful failure to pay sales tax in violation of § 12-428 (1) as charged in the information. We disagree that there was insufficient evidence to convict the defendant as charged in counts one, two, three, five, and six of the information. We, however, agree that there was insufficient evidence to convict the defendant as charged in count four. In count four of the information, the state charged the defendant with failure to pay sales tax due on August 31, 2015. On appeal, the defendant claims that the state presented no evidence that she failed to pay sales tax due on August 31, 2015. Our review of the record supports the defendant's claim, and the state concedes that it failed to present any evidence with respect to count four. We, therefore, reverse the defendant's conviction as to count four and remand the case to the trial court with direction to render a judgment of acquittal as to that count and to resentence the defendant.

In the remaining counts of the information, the state charged that "as required by law as the registered owner of business 'Bob Thorne Tree & Landscaping, LLC' to pay any tax, [the defendant] wilfully failed to pay such tax at the time required by law" in violation of § 12-428 (1). The defendant argues on appeal that the state introduced fourteen documents into evidence, all of which concerned the business known as "Robert Thorne, sole proprietor, or Robert Thorne [doing business as] Bob Thorne Tree & Landscaping,"[6] but that it introduced no evidence with regard to sales tax owed by the business Bob Thorne Tree & Landscaping, LLC. The defendant, therefore, claims that there was insufficient evidence by which the jury reasonably and logi-

cally could have found that she wilfully failed to pay sales tax as charged.

In response, the state argues that the defendant had sufficient notice of the crimes against which she had to defend regardless of any variance between the information, i.e., the inclusion of *LLC*, and the evidence adduced at trial that concerned the sole proprietorship as the business entity for which she had a duty to pay sales tax. Significantly, the state notes that the defendant does not claim that the evidence did not establish that she was the person responsible for paying the sales tax due on behalf of the sole proprietorship or "Robert Thorne [doing business as] Bob Thorne Tree & Landscaping." We agree with the state.

It is well known that a defendant "who asserts an insufficiency of the evidence claim bears an arduous burden." (Internal quotation marks omitted.) *State* v. *Leandry*, 161 Conn. App. 379, 383, 127 A.3d 1115, cert. denied, 320 Conn. 912, 128 A.3d 955 (2015). When reviewing a claim of insufficient evidence, an appellate court applies a two part test. See, e.g., *State* v. *Juarez*, 179 Conn. App. 588, 595, 180 A.3d 1015 (2018), cert. denied, 331 Conn. 910, 203 A.3d 1245 (2019). "We first review the evidence presented at trial, construing it in the light most favorable to sustaining the verdict. . . . [Second, we] . . . determine whether the jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt. . . . In this process of review, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . The issue is whether the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." (Internal quotation marks omitted.) Id.

"[T]he jury must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, [but] each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical for the jury to conclude that a basic fact or an inferred fact is true, the jury is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Daniel B.*, 164 Conn. App. 318, 326, 137 A.3d 837 (2016), aff'd, 331 Conn. 1, 201 A.3d 989 (2019). An appellate court defers to the jury's assessment of the credibility of witnesses on the basis of their firsthand observation of their conduct. *State* v. *Juarez*, supra, 179 Conn. App. 596.

Section 12-428 (1) provides in relevant part: "Any

person required under this chapter to pay any tax . . . who wilfully fails to pay such tax . . . at the time required by law, shall, in addition to any other penalty provided by law, be fined not more than one thousand dollars or imprisoned not more than one year or both. . . . As used in this section 'person' includes any officer or employee of a corporation, or a member or employee of a partnership under a duty to pay such tax . . . ."[7] Section 12-428 (1) required the state to prove that the defendant was a person required by law to pay state sales tax and that she wilfully failed to do so. The statute does not require the state to prove the name of the entity owing the sales tax.

There are certain fundamental principles applicable to the statutory construction of tax statutes. "[W]hen the issue is the imposition of a tax, rather than a claimed right to an exemption or a deduction, the governing authorities must be strictly construed against the [C]ommissioner [of Revenue Services] and in favor of the tax payer. . . . [S]tatutes establishing the procedure for the collection of taxes, including statutes enacted to prevent tax frauds, [however] are given a liberal, rather than strict, construction." (Citations omitted; internal quotation marks omitted.) *Leonard* v. *Commissioner of Revenue Services*, 264 Conn. 286, 295, 823 A.2d 1184 (2003).

In the relevant counts of the information, the state alleged that, on a date certain, the defendant was required by law as the registered owner of "Bob Thorne Tree & Landscaping, LLC," to pay any tax and wilfully failed to do so. (Internal quotation marks omitted.) "[G]enerally speaking, the state is limited to proving that the defendant has committed the offense in substantially the manner described in the information. . . . Despite this general principle, however, both this court and our Supreme Court have made clear that [t]he inclusion in the state's pleading of additional details concerning the offense does not make such allegations essential elements of the crime, upon which the jury must be instructed. . . . Our case law makes clear that the requirement that the state be limited to proving an offense in substantially the manner described in the information is meant to assure that the defendant is provided with sufficient notice of the crimes against which [she] must defend. As long as this notice requirement is satisfied, however, the inclusion of additional details in the charge does not place on the state the obligation to prove more than the essential elements of the crime." (Emphasis omitted; internal quotation marks omitted.) *State* v. *Vere C.*, 152 Conn. App. 486, 527, 98 A.3d 884, cert. denied, 314 Conn. 944, 102 A.3d 116 (2014).

At its core, the defendant's claim is not one of insufficient evidence but, rather, one of variance. See *State* v. *Rafanello*, 151 Conn. 453, 456, 199 A.2d 13 (1964).

That is, that, although the information charged that the defendant wilfully failed to pay sales tax as the owner of " 'Bob Thorne Tree & Landscaping, LLC,' " the evidence proved that she wilfully failed to pay sales tax that was owed for the sole proprietorship. The defendant made no claim of variance at trial, and she did not object to the admissibility of any of the evidence regarding the sole proprietorship on the ground of variance. In the absence of a "showing of substantial injustice," we do not entertain claims not advanced at trial. *State* v. *Rafanello*, supra, 456–57. The proper way for the defendant to have asserted such a claim at trial would have been by a timely objection to the evidence offered. See id., 457. If the defendant had suggested the variance at trial and the trial court found it to exist, it would not have been a ground for acquittal but would have permitted the state to amend the information as needed to make it conform to the evidence.[8] See id.

"When the state's pleadings have informed the defendant of the charge against [her] with sufficient precision to enable [her] to prepare [her] defense and to avoid prejudicial surprise, and were definite enough to enable [her] to plead to [her] acquittal or conviction in bar of any further prosecution for the same offense, they have performed their constitutional duty. . . . The inclusion in the state's pleading of additional details concerning the offense does not make such allegations essential elements of the crime, upon which the jury must be instructed." (Citations omitted; internal quotation marks omitted.) *State* v. *Morrill*, 197 Conn. 507, 551, 498 A.2d 76 (1985); id., 552 (location of murder not essential element of crime); see also *State* v. *Sharpe*, 195 Conn. 651, 667, 491 A.2d 345 (1985) (deadly weapon element did not require court to instruct jury that crime could only be committed with pistol); *State* v. *Sam*, 98 Conn. App. 13, 37–38, 907 A.2d 99 (state need not prove knife was dangerous instrument used to commit crime), cert. denied, 280 Conn. 944, 912 A.2d 478 (2006). In the present case, the name of the business entity was not an essential element of the crime of wilful failure to pay sales tax pursuant to § 12-428 (1).

Furthermore, the defendant cannot prevail on her claim without demonstrating that she was in fact prejudiced in her defense on the merits and that substantial injustice has been done on the basis of the language in the information. See Practice Book § 36-18; *State* v. *Rafanello*, supra, 151 Conn. 457. The defendant has made no such claim; she knew that she was being prosecuted for failure to pay sales tax for her husband's tree and landscaping business, regardless of its technical name.

On the basis of our review of the record, we conclude that there was sufficient evidence by which the jury could find beyond a reasonable doubt that the defendant, as the person responsible to pay sales tax for the

tree service business, was a person who was required by law to pay sales tax and that she wilfully failed to do so. The defendant's claim therefore fails.

II

The defendant also claims that the court misled the jury by giving an improper instruction that diluted the state's burden of proof and weakened the defendant's presumption of innocence. The state contends that the claim is not reviewable because the defendant waived it by failing to submit a written request to charge or to take an exception to the charge given by the court. In her appellate brief, the defendant acknowledges that she did not preserve her claim for appellate review but argues that her claim is reviewable pursuant to the plain error doctrine. We disagree with the defendant.

Practice Book § 42-16 provides in relevant part that "[a]n appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered . . . ."

"[W]hen the trial court provides [the parties] with a copy of the proposed jury instructions, allows a meaningful opportunity for their review, solicits comments . . . regarding changes or modifications and [the defendant] affirmatively accepts the instructions proposed or given, the defendant may be deemed to have knowledge of any potential flaws therein and to have waived implicitly the constitutional right to challenge the instructions on direct appeal. Such a determination by the reviewing court must be based on a close examination of the record and the particular facts and circumstances of each case." *State* v. *Kitchens*, 299 Conn. 447, 482–83, 10 A.3d 942 (2011).

The record in the present case discloses that the trial court provided the defendant and the state with a copy of its proposed charge and the next day solicited comments regarding it. The court agreed to make several changes to its charge and provided copies of the revised charge to the defendant and the state. The next day, the court reviewed the revised charge page by page with the defendant and the state. The defendant did not object to the proposed charge. The court further canvassed the defendant as follows:

"The Court: You have no objections to anything that has been included in the charge?

"The Defendant: No.

"The Court: You're not asking that anything be removed from the charge?

"The Defendant: No.

"The Court: Are you asking that anything be added

to the charge?

"The Defendant: No.

"The Court: Are you taking any exception to the charge at all?

"The Defendant: No."

On the basis of this record, we conclude that the defendant waived the right to challenge the court's instruction on appeal.[9]

The defendant, however, posits that a *Kitchens* waiver does not foreclose claims of plain error. See *State* v. *McClain*, 324 Conn. 802, 812, 155 A.3d 209 (2017). Although that is a correct statement of the law, the plain error exception to the *Kitchens* waiver rule is inapplicable in the present case. "An appellate court addressing a claim of plain error first must determine if the error is indeed plain in the sense that it is patent [or] readily [discernible] on the face of a factually accurate record, [and] also . . . obvious in the sense of not debatable. . . . This determination clearly requires a review of the plain error claim presented in the light of the record." (Internal quotation marks omitted.) Id. "The plain error doctrine is reserved for truly extraordinary situations [in which] the existence of error is so obvious that it effects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) Id.

"[I]n addition to examining the patent nature of the error, the reviewing court must examine that error for the grievousness of its consequences in order to determine whether reversal under the plain error doctrine is appropriate. A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice. . . . [Previously], we described the two-pronged nature of the plain error doctrine: [An appellant] cannot prevail under [the plain error doctrine] . . . unless [she] demonstrates that the claimed error is *both* so clear *and* so harmful that a failure to reverse the judgment would result in manifest injustice." (Emphasis in original; internal quotation marks omitted.) Id.

In the present case, the defendant claims that the court's charge was improper because the court did not make clear that (1) she, (2) "Robert Thorne, sole proprietor, or Robert Thorne [doing business as] Bob Thorne Tree & Landscaping," and (3) Bob Thorne Tree & Landscaping, LLC, are three distinct legal entities. Or stated differently, the court did not instruct the jury as to the legal distinctions between an individual conducting business under his own name, an individual conducting business under an assumed name, e.g., "doing business as," and an LLC conducting business under its legal name. The defendant claims that it was important for the jury to know the legal distinctions because the information charged the defendant with failing to pay sales

tax as required by law as the registered owner of the business "Bob Thorne Tree & Landscaping, LLC." The defendant, however, has not explained why the legal distinction is relevant in this particular case. The issue for the jury to decide was whether the defendant was the person responsible for paying the sales tax, regardless of the name of the business.

As we explained in part I of this opinion, the name of the business that owed sales tax was not an essential element of the crime of wilful failure to pay any tax required by law. An information that includes additional details concerning an offense does not make such allegations an essential element of the crime. See *State* v. *Sam*, supra, 98 Conn. App. 38.

In the present case, the court instructed the jury in relevant part as follows: "The first element that the state must prove is that the defendant was a person required to pay sales tax under the statute. Under our law, any person who makes retail sales, as defined by our statutes, is required to pay sales tax. Person is defined in pertinent part as any individual, firm, [or] limited liability company . . . under a duty to pay such tax. Sales, as defined by our statutes, includes the rendering of certain services for a consideration . . . includ[ing] landscaping and horticultural services. Therefore, in order to find that the state's burden of proof has been satisfied as to this element, the state must prove beyond a reasonable doubt that the defendant is a person who was required to pay sales tax under the law."

The defendant has failed to explain why the legal distinction between various business entities was relevant to the jury's determining whether she, who identified herself to the department as the owner of the tree and landscaping business, had a duty to pay sales tax. The defendant, therefore, has failed to carry her burden to demonstrate that the court's instruction misled the jury and that the instruction affected the fairness and integrity of and public confidence in the judicial proceeding. For the foregoing reasons, the defendant's conviction of wilful failure to pay sales tax does not warrant reversal pursuant to the plain error doctrine.

The judgment is reversed with respect to the defendant's conviction of wilful failure to pay sales tax as charged in count four and the case is remanded with direction to render judgment of acquittal on that charge only and to resentence the defendant on the remaining charges; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The defendant represented herself at trial but was represented by counsel on appeal.

[2] General Statutes § 12-428 (1) provides in relevant part: "Any person required under this chapter to pay any tax, or required under this chapter or by regulations thereunder to make a return, keep any record or supply any information, who wilfully fails to pay such tax, make such return, keep such records or supply such information, at the time required by law, shall,

in addition to any other penalty provided by law, be fined not more than one thousand dollars or imprisoned not more than one year or both. . . .''

[3] Copies of the Wells Fargo account application and checks and a screen shot of the taxpayer service center account were placed into evidence at trial.

[4] The tax returns at issue documented sales taxes owed for the following periods: (1) April, 2015, $641 due by May 31, 2015; (2) May, 2015, $846 due by June 30, 2015; (3) June, 2015, $256 due by July 31, 2015; (4) September, 2015, $569 due by October 31, 2015; and (5) October, 2015, $733 due by November 30, 2015. Copies of the tax returns were placed into evidence at trial.

[5] On March 29, 2019, the senior assistant state's attorney accused the defendant in the information as follows:

"Count one . . . wilful failure to pay sales tax in violation of [§] 12-428 (1) . . . [due] on or about May 31, 2015 . . . as required by law as the registered owner of business 'Bob Thorne Tree & Landscaping, LLC' . . . .

"Count two . . . wilful failure to pay sales tax in violation of [§] 12-428 (1) . . . [due] on or about June 30, 2015 . . . as required by law as the registered owner of business 'Bob Thorne Tree & Landscaping, LLC' . . . .

"Count three . . . wilful failure to pay sales tax in violation of [§] 12-428 (1) . . . [due] on or about July 31, 2015 . . . as required by law as the registered owner of business 'Bob Thorne Tree & Landscaping, LLC' . . . .

"Count four . . . wilful failure to pay sales tax in violation of [§] 12-428 (1) . . . [due] on or about August 31, 2015 . . . as required by law as the registered owner of business 'Bob Thorne Tree & Landscaping, LLC' . . . .

"Count five . . . wilful failure to pay sales tax in violation of [§] 12-428 (1) . . . [due] on or about October 31, 2015 . . . as required by law as the registered owner of business 'Bob Thorne Tree & Landscaping, LLC'. . . .

"Count six . . . wilful failure to pay sales tax in violation of [§] 12-428 (1) . . . [due] on or about November 30, 2015 . . . as required by law as the registered owner of business 'Bob Thorne Tree & Landscaping, LLC' . . . .''

[6] The defendant did not object to any of the documents the state placed into evidence at trial.

[7] General Statutes § 12-407 (a) provides in relevant part: "Whenever used in this chapter . . . (2) 'Sale' and 'selling' mean and include . . . (I) The rendering of certain services, as defined in subdivision (37) of this subsection . . . (12) 'Retailer' includes . . . (D) Every seller rendering any service described in subdivision (2) of this subsection . . . [and] (37) 'Services' for purposes of subdivision (2) of this subsection, means . . . (V) Landscaping and horticulture services . . . .''

[8] Pursuant to Practice Book § 36-18, "[a]fter commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced.''

[9] "[I]t is the established policy of the Connecticut courts to be solicitous of [self-represented parties] and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party. . . . Although we allow [self-represented parties] some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law.'' (Internal quotation marks omitted.) *State* v. *Adams*, 117 Conn. App. 747, 755, 982 A.2d 187 (2009). Consequently, "[w]hen a defendant elects to proceed without the benefit of counsel, [she] takes the risk that because of [her] inexperience and lack of knowledge [of the law], [she] will suffer disadvantages to which, with proper representation, [she] would not be subject.'' *State* v. *Lo Sacco*, 12 Conn. App. 481, 496, 531 A.2d 184, cert. denied, 205 Conn. 814, 533 A.2d 568 (1987).